LEHMAN *v.* EUREKA IRON & STEEL WORKS.

1. RAILROADS—KICKING CARS—NEGLIGENCE—QUESTION FOR JURY.
   In an action for personal injuries, it appeared that the plaintiff attempted to pass through an opening three feet wide between two freight cars, which, with several others, blocked a public street, and that the cars came together, catching him between the bumpers and severely injuring him. Plaintiff testified that he did not notice that the cars were in motion, and that he saw no engine there. There was evidence that, a short time previously, cars had been brought from defendant's works, and shunted down upon the siding, without any one upon the same to warn persons crossing or to manage the cars. About the time of the injury, the engine, under the control of defendant's engineer, was seen going away from the siding. *Held*, that there was evidence to go to the jury on the question of defendant's negligence.[1]

2. SAME—INFANTS—CONTRIBUTORY NEGLIGENCE.
   A child nine years of age, who is injured by the negligence of a railroad company, will not be denied a recovery because, at the time of the accident, he was not in the exercise of the prudence and foresight which the law might require of an adult under the same circumstances.

Error to Wayne; Carpenter, J. Submitted June 10, 1897. Decided September 14, 1897.

Case by Edward Lehman, an infant, by his next friend, against the Eureka Iron & Steel Works, for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Sidney T. Miller*, for appellant.

*James H. Pound*, for appellee.

_____
[1] The negligence of a railroad company in respect to flying switches or kicking cars is considered in a note to *Kentucky Cent. R. Co.* v. *Smith*, (Ky.) 18 L. R. A. 63.

LONG, C. J. The defendant operates a manufacturing plant at the city of Wyandotte. To carry on that business it controls and uses cars, engines, etc., having a track from its works extending out to and along Eureka avenue. This track has been laid for many years along this public street, and is connected with the tracks of the Michigan Central Railroad. The plaintiff, a boy about nine years of age, on May 28, 1892, was passing across this street. He, with another boy, a little older, had been across the track from their homes, and in going back the avenue was filled with freight cars. There was an opening between two of them. The older boy passed safely through the opening, which was about three feet wide. The plaintiff attempted to pass, when the cars came together, and he was caught between the bumpers, and severely injured. This action is brought to recover for the damages sustained. The negligence charged is that the cars were kicked back upon that siding without any warning, and without any brakeman or other person upon the same to warn persons crossing, or to control the cars. The testimony of the boys shows that they did not notice that the cars were in motion, and saw no engine there. Other testimony was given tending to show that a short time previously cars had been brought from the works, and pushed upon this siding, where many other cars stood at the time; that this engine was under the control of the defendant's engineer, and only one brakeman was there, and he was riding on the engine. About the time of the injury the engine was seen going away from the siding. The case was submitted to the jury upon the facts as shown, and verdict was given in favor of plaintiff for $1,200. Defendant's contentions are: (1) That the court should have taken the case from the jury, for the reason that there was no evidence tending to show the negligence of the defendant; and (2) that the plaintiff was guilty of contributory negligence.

The negligence of the defendant under the circumstances here shown was a question for the jury. This was

a public highway. While the defendant was permitted to use it for the storage of its cars, yet the plaintiff was not a trespasser in crossing over it. The defendant, in the use of the street, was bound to take some precaution to guard the public from danger in placing its cars upon it. The kicking of the cars down upon the street with force would naturally move the cars standing there, and there is evidence in this record from which the jury were warranted in finding that that was the cause of the cars' coming together when these boys attempted to pass through. No person was there in control of the shunted car. As the boys approached the opening, the cars were apparently not in motion, and no engine was in sight of them, if their testimony be true. There was also testimony tending to show that no bell or whistle was sounded. Shunting or kicking cars across a public highway was held actionable negligence in *Schindler* v. *Railway Co.*, 87 Mich. 400; *Cooper* v. *Railway Co.*, 66 Mich. 261 (11 Am. St. Rep. 482). The circumstances shown in the present case certainly warranted the court in submitting the question as one of fact for the determination of the jury.

The question of the plaintiff's contributory negligence counsel for defendant argues at great length in his brief. We think that question was fairly left to the jury. The same rule is not to be applied to a mere child that would be applied to an adult. As was said by Mr. Justice COOLEY in *East Saginaw City R. Co.* v. *Bohn*, 27 Mich. 503: .

"It would be unreasonable and cruel in the extreme to hold such a child responsible for a prudence and foresight beyond his years, and for a perception and comprehension of dangers which are only learned by experience, or by observation and reflection."

See, also, *Hargreaves* v. *Deacon*, 25 Mich. 1; *Daniels* v. *Clegg*, 28 Mich. 32; *Hassenyer* v. *Railroad Co.*, 48 Mich. 205 (42 Am. Rep. 470); *Ecliff* v. *Railway Co.*, 64 Mich. 196.

We think the requests to charge were properly refused, and they will not be discussed, as there is some evidence to sustain the claim made by the plaintiff.

The judgment is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. HOOKER, J., did not sit.