MONROE v. LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

129   309
145   350
j145   356

INJURY AT RAILROAD CROSSING—NEGLIGENCE—CONFLICTING EVIDENCE—QUESTION FOR JURY.

Where, in an action for injuries received at a railroad crossing by a collision of plaintiff's carriage with a car which was being kicked across the highway, plaintiff's testimony tended to show that he stopped, looked, and listened before entering on the track, that the car was without lights or brakeman, and that no signals were given by the engine from which the car had been detached, the question of defendant's liability was properly submitted to the jury, though the testimony on its behalf was directly contradictory to that of the plaintiff.

Error to Kalamazoo; Adams, J. Submitted October 25, 1901. Decided January 28, 1902.

Case by Emor Monroe against the Lake Shore & Michigan Southern Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Boudeman & Driver*, for appellant.

*E. M. Irish*, for appellee.

MOORE, J.   The plaintiff obtained a judgment against defendant for injuries received by him.   The defendant has brought the case here by writ of error, claiming that a verdict should have been directed in the court below in its favor.

The record discloses that the plaintiff was driving a single horse before a covered buggy.   His son was with him, leading a colt, which was following behind the carriage.   They were going east on Main street, intending to cross the tracks of the defendant company on Main street, just east of the station.   There was a train of cars on Main street obstructing the street, with the engine headed south.   Without waiting for the train to move away, the plaintiff turned north on Porter street, which runs nearly parallel with the railroad track.   As he drove north on Porter street, there would be between him and the railroad tracks the railroad station, then an open space, then an elevator and other buildings.   After going north on Porter street, he turned east on Kalamazoo avenue, which is one of the principal streets in the city.   The elevator building came out to the south line of Kalamazoo avenue. There were four tracks of the defendant company across Kalamazoo avenue, some of them joining each other just south of that street.

It is the claim of the plaintiff that, as he turned into Kalamazoo avenue, his horse was upon a walk; that, when he got within 12 or 15 feet of the first track, he stopped his horse, and looked and listened, and saw no moving train, and heard no bell or whistle; that he then proceeded east, and, when he reached the second track, he was run down

by a passenger coach, which had been detached from the two other cars and the locomotive, which car was "kicked" across the street. He insists no bell was rung, or other signal given, and no lights were on the rear of the car, and no brakeman was upon it to give warning of its coming or to control its movements. The carriage in which the plaintiff and his son were was overturned and crushed, passing under the rear platform of the car. It was the claim of the defendant that plaintiff did not stop and look and listen; that the bell was rung, and that, before the train began to back, the whistle was blown; that it was not dark enough so a light was needed; and that there was a brakeman on the car, who attempted to warn the plaintiff when he saw him coming. It is also defendant's claim that, if plaintiff had looked, as he ought to have done, after passing the elevator building, he would have seen the approaching car.

In addition to the oral proof and the map and photographs which were introduced in evidence, the jury was taken to the scene of the accident, and saw the situation of the streets, buildings, and tracks. The testimony was as conflicting as it could well be. The version of the plaintiff was sustained in whole or in part by several witnesses, while quite as many were sworn upon the other side. The case was tried with great care. The judge gave a very long and carefully prepared charge, in which he correctly stated the law applicable to the case. It would not profit any one to set out the testimony in detail, but, unless this court is to weigh the testimony, and decide what portion of it should be believed and what rejected, there was a disputed question of fact to go to the jury. The following cases state the law applicable to the case at bar: *Guggenheim* v. *Railroad Co.*, 57 Mich. 488 (24 N. W. 827); *Cooper* v. *Railway Co.*, 66 Mich. 261 (33 N. W. 306, 11 Am. St. Rep. 482); *Freeman* v. *Railway Co.*, 74 Mich. 86 (41 N. W. 872, 3 L. R. A. 594); *Schindler* v. *Railway Co.*, 87 Mich. 400 (49 N. W. 670); *Lehman* v. *Steel Works*, 114 Mich. 260 (72 N. W. 183);

*Kentucky Cent. R. Co.* v. *Smith,* 18 L. R. A. 63 (93 Ky. 449, 20 S. W. 392), and the many cases cited in the note.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J. took no part in the decision.