PEIRCE v. LYDEN (two cases).

(Circuit Court of Appeals, Second Circuit. November 7, 1907.)

Nos. 67, 68.

NEGLIGENCE—DANGEROUS PREMISES—INJURY TO CHILDREN.

Defendant maintained a shed in a railroad yard of about two acres near a schoolhouse in a city, in which he kept open barrels of oil. During the daytime the shed was left unlocked, and for several months children living in the vicinity who played in the yard had been in the habit of stealing oil from the barrels in old cans and making fires with it in the yard, which fact was known to defendant's watchman. On one such occasion plaintiff, who was an infant, was burned and injured. *Held,* that defendant was chargeable with notice of such practice of the children from its long continuance and the knowledge of his watchman, and that the question of his negligence in keeping the place in such condition in view of the danger of their injury therefrom was for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 307–315.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Harriman & Fessenden, for plaintiff in error.

Dwight W. Morrow (A. S. Hamlin, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. These two cases arising out of personal injuries sustained by an infant, one by the father for loss of services, and the other by the infant, through his father as guardian, for the injuries, were by agreement tried together.

From the month of May, 1901, down to the time of the accident, November 4th, the defendant was using certain derricks and hoisting machines, and also a dilapidated shed in a railroad yard at Pittsburgh, Pa. This yard covered about two acres of ground in the tenement-house district, near a public school attended by the infant plaintiff. In the shed, which was kept unlocked during the daytime, the defendant stored, among other things, barrels of oil with their heads knocked off, so that the oil could be dipped up. During the whole of this period boys had been in the habit of taking oil from the barrels in tomato cans and other receptacles, and lighting it on the ground or throwing it on fires they had started. The parties stipulated, among other things, as follows:

"Defendant's night watchman testified, being called for the plaintiff, that, when he was going away at night, he would lock the shed to keep the boys from stealing the oil. He was watchman there from August preceding until after the accident. There was no direct evidence that the propensity of the boys to take the oil out of the shed and burn it was known to any of defendant's agents, except his night watchman."

November 4th, about 4 p. m., after school, the infant plaintiff went with some 12 other boys into the yard where a fire was built, on which the boys threw oil taken from the barrels in the shed. Some of the witnesses testified that the plaintiff was injured as the result of a can

of oil being thrown on the fire by another boy, which exploded and covered him with burning oil. At least one witness testified that the boys were lighting the oil on the ground, and then running and jumping through it, and that the plaintiff was injured by oil which got on him while he was doing this.

The assignments of error relied on are that the trial judge should have directed a verdict for the defendant (1) because plaintiff has not shown that defendant is guilty of the violation of any duty owed by defendant to plaintiff; (2) because plaintiff has not shown that the defendant has been guilty of wanton or affirmative mischief towards the plaintiff; (3) because the act of the defendant was not the proximate cause of the injury sustained by the plaintiff.

The third assignment of error may be laid out of the case at once, because there is nothing to show that the jury arrived at their verdict by adopting the account that the infant plaintiff was injured as the result of another boy's throwing a can of oil on the fire. They may have adopted the other testimony that he was injured as the result of running and jumping through the flames of oil burning on the ground.

With reference to the other assignments of error, we think the case directly within the decision of the Supreme Court in Railroad v. Stout, 17 Wall. 657, 21 L. Ed. 745. In that case the railroad company was held responsible for injuries to an infant while playing upon its unlocked turntable as the result of another boy's turning it. Hunt, J., said:

"That the turntable was a dangerous machine, which would be likely to cause injury to children who resorted to it, might fairly be inferred from the injury which actually occurred to the plaintiff. There was the same liability to injury to him, and no greater, that existed with reference to all children. When the jury learned from the evidence that he had suffered a serious injury by his foot being caught between the fixed rail of the roadbed and the turning rail of the table, they were justified in believing that there was a probability of the occurrence of such accidents. So, in looking at the remoteness of the machine from inhabited dwellings, when it was proved to the jury that several boys from the hamlet were at play there on this occasion, and that they had been at play upon the turntable on other occasions, and within the observation and to the knowledge of the employés of the defendant, the jury were justified in believing that children would probably resort to it, and that the defendant should have anticipated that such would be the case."

Knowledge of such a notorious and continuous practice as is shown in this case we think must be imputed to the defendant, and, were this not so, that the knowledge of the night watchman was the defendant's knowledge. Nothing is more attractive to boys than fire, and, as they had been for some six months in the habit of throwing the defendant's oil on fires made by them and this fact was actually known to his night watchman, we have no doubt that the question of the defendant's negligence was properly presented to the jury.

The judgments are affirmed, with costs.