LeDUC *v.* DETROIT EDISON CO.

1. NEGLIGENCE—ATTRACTIVE NUISANCE—TRESPASS.

Although doctrine of "attractive nuisance" has been recognized and applied in this State, it has not been permitted to seriously impair the rule that property owner owes no duty to protect trespassers, adult or infant, from injury other than wanton or wilful.

2. SAME—RECOVERY NOT BARRED BY TECHNICAL TRESPASS—INFANTS.

Where child is where he has right to be, as in street or as licensee on private premises, and his trespass is technical rather than wilful, *i. e.*, consists of playing with or taking the property of another as the spontaneous and natural act of an irresponsible child immediately attracted to the object, recovery for his injury is not barred by the trespass.

3. SAME—INTERVENING ACT—PROXIMATE CAUSE.

Where immediate cause of injury resulting in death of plaintiff's decedent was act of other boys taking defendant's gasoline and their negligence in spilling it over decedent, their acts control plaintiff's right of recovery, because, even if defendant was negligent in leaving gasoline in work cart in the neighborhood, the intervening acts of the boys broke the legal connection between defendant's conduct and the injury unless they were irresponsible agents or mere conduits to carry effect of defendant's negligence to decedent.

4. SAME—ATTRACTIVE NUISANCE—TRESPASS.

Where defendant left work cart containing gasoline on parkway between sidewalk and street, and boys playing in neighborhood secured key, opened faucet, and obtained gasoline which was accidentally spilled on one of them, resulting in fire which caused his death, defendant is not liable therefor, even if negligent, because the cart did not constitute attractive nuisance, and trespass of boys in opening faucet and taking gasoline was actual and not technical.

For authorities discussing the question of doctrine of attractive nuisance, see annotation in 36 A. L. R. 34; 39 A. L. R. 486; 45 A. L. R. 982; 53 A. L. R. 1344; 60 A. L. R. 1444.

As to whether the intervening act of a child may break the casual connection between the defendant's negligence and the injury, see annotation in 23 L. R. A. (N. S.) 249.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted January 20, 1931. (Docket No. 15, Calendar No. 35,288.) Decided April 7, 1931.

Case by Emil LeDuc, administrator of the estate of James LeDuc, a deceased minor, against Detroit Edison Company, a New York corporation, for the death of plaintiff's decedent resulting from the maintenance of an alleged attractive nuisance. Judgment upon directed verdict for defendant. Plaintiff brings error. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg* (*Edward F. Kelley,* of counsel), for plaintiff.

*Oxtoby, Robison & Hull,* for defendant.

Fead, J. The action is for negligence in causing the death of James LeDuc, six years old. Defendant had directed verdict.

A vacant lot in Detroit had been used as a playground by the neighborhood children for some years. In the fall, the boys would cut and burn the grass and weeds, the city would flood the lot with water, and nature would make a skating rink. For a few days prior to Sunday, November 28, 1926, defendant had been engaged in repair work in the street corner immediately adjoining the lot. In the course of its operations it used a work cart holding a supply of gasoline. The faucet was operated by a removable key and could be opened by such a key as is used in the home on water taps. On Saturday, the cart was left for the week-end on the parkway between the sidewalk and street, on the same side as the vacant lot but across an alley.

Sunday afternoon, 15 to 20 boys, ranging from 14 years of age down, were engaged in pulling and

burning grass and weeds on the lot. An 8-year old boy had a mouse in a bottle and was using a water key as a stopper. Some one of the boys suggested they get gasoline to aid the burning. One of the older boys, unidentified, took the water key from the boy with the mouse and several gathered cans nearby, went to defendant's cart, the older boy opened the faucet, and many carried gasoline to the fire. James LeDuc came up and watched the burning but had no part in it. As a 10-year old boy was bringing a can of gasoline to the lot, a 14-year old boy tried to take it from him, in the struggle he struck the can, the contents splashed over James, caught fire, and he was burned so severely he died from the injuries.

We are unable to find in the record any testimony supporting the claim that there had been a fire on the lot while defendant's employees were working in the vicinity, nor that they had seen any children burning weeds or grass thereon at any time.

The case takes us into the field of "attractive nuisances" and related law, upon which the conflict of judicial opinion ranges from ostensible repudiation of the doctrine to its acceptance to an extreme degree. All sorts of instrumentalities and conditions have been held attractive nuisances, from the most common objects to a charming girl. *Johnson* v. *Atlas Supply Co.* (Tex. Civ. App.), 183 S. W. 31. The liberal decisions took impetus from the so-called "turntable cases" (*Railroad Co.* v. *Stout,* 17 Wall. [U. S.] 657), from which later, however, the court found it proper to partially recede (*United Zinc & Chemical Co.* v. *Britt,* 258 U. S. 268 [42 Sup. Ct. 299, 36 A. L. R. 28]). And several of the courts have expressed the opinion that the doctrine has gone too far and should be restricted rather than extended.

The subject is exhaustively annotated in notes in 36 A. L. R. 34; 39 A. L. R. 486; 45 A. L. R. 982; 53 A. L. R. 1344; 60 A. L. R. 1444.

This court has recognized and applied, but conservatively, the law of attractive nuisances. The doctrine has not been permitted to seriously impair the rule that a property owner owes no duty to protect trespassers, adult or infant, from injury other than wanton or wilful, as has been done in some States.

The attractive nuisance doctrine was announced in *Powers* v. *Harlow,* 53 Mich. 507 (51 Am. Rep. 154), but seems to have hibernated for a season. The turntable cases were expressly disapproved in *Ryan* v. *Towar,* 128 Mich. 463 (55 L. R. A. 310, 92 Am. St. Rep. 481), and the trespass rule was applied to children both in going upon real property (*Peninsular Trust Co.* v. *City of Grand Rapids,* 131 Mich. 571), and in playing upon a flat car in the street (*Kaumeier* v. *Railway Co.,* 116 Mich. 306 [40 L. R. A. 385, 72 Am. St. Rep. 525]). See, also, *Stark* v. *Muskegon Traction & Lighting Co.,* 141 Mich. 575 (1 L. R. A. [N. S.] 822); *Preston* v. *Austin,* 206 Mich. 194.

Both doctrines were considered in *O'Leary* v. *Michigan State Telephone Co.,* 146 Mich. 243 (two justices dissenting). Defendant was working in the street with block and tackle. The operators knew children were playing about the snatch block, but left it unguarded. A child took hold of the rope near the block while it was at rest, the team was started without warning to the children, and plaintiff's hand was drawn into the pulley. The court differentiated the two lines of cases in these words:

"The case of *Powers* v. *Harlow* is an authority in this State, and is supported by the great weight

of authority in this country and in England. The present case differs from *Kaumeier* v. *Railway Co.* and other cases cited in appellant's brief in that here the owner of the property was present, operating the property, and the plaintiff was where he had a right to be. The plaintiff was in the public highway, where he had as much right to be as defendant's employees, and while his laying his hand upon the cable was technically a trespass, it was no more so than taking the exploder cap from the box in the case of *Powers* v. *Harlow.* Plaintiff's mere technical trespass did not set in motion, as in the cases cited, the agencies which caused his injury; those agencies were brought into operation and controlled by defendant's employees. There is reasonable ground for distinction between a case where something is left in the highway which can only injure a child by his meddling with it and putting it into operation in the absence of the owner or person having it in charge and a case like the present when the owner is present operating the apparatus and has actual notice that the children are attracted by the tackle and will play with it unless prevented."

Thereafter the doctrines had a vigorous battle. The court divided evenly in *Iamurri* v. *Saginaw City Gas Co.,* 148 Mich. 27, where children climbed on a gas wagon in the street and caused an explosion by dropping a match into an open vent. The trespass rule was applied in *Reid* v. *Harmon,* 161 Mich. 51 (turntable), but the attractive nuisance theory prevailed over it in *Anderson* v. *Newport Mining Co.,* 202 Mich. 204 (three justices dissenting), (dynamite cap); *Jaworski* v. *Detroit Edison Co.,* 210 Mich. 317 (poles negligently piled in the street to form a teeter); and *Butrick* v. *Snyder,* 236 Mich. 300 (dynamite cap). However, the cases affirming liability recognized the trespass rule and the point of dis-

tinction is this: Where the child is where he has a right to be, as in the street or as a licensee on private premises, and his trespass is technical rather than wilful, *i. e.,* consists of playing with or taking the property of another as the spontaneous and natural act of an irresponsible child immediately attracted to the object, recovery is not barred by the trespass.

This court has been conservative also in declaring objects, especially common things, attractive to children as a basis for imposing upon the owner a duty to guard them against injury. The attraction has been denied in *Kaumeier* v. *Railway Co., supra* (flat car in street); *Czarniski* v. *Security Storage & Transfer Co.,* 204 Mich. 276 (moving van); *Jackson* v. *Mills Baking Co.,* 221 Mich. 64 (26 A. L. R. 906), (electric truck); *Belisle* v. *Jones,* 224 Mich. 191 (automobile).

The accident at bar was most distressing, but defendant cannot be held responsible for it except for negligence in failing to perform a legal duty. *Butrick* v. *Snyder, supra.* The immediate cause of the injury was the act of the other boys in taking defendant's gasoline and their negligence in spilling it over plaintiff's decedent. Their acts control plaintiff's right of recovery, because, even if defendant had been negligent, the intervening acts of the boys broke the legal connection between defendant's conduct and the injury, unless the boys were irresponsible agents or mere conduits to carry the effect of defendant's negligence to James LeDuc.

The case may be disposed of under our decisions on the ground that the cart did not constitute an attractive nuisance, and the trespass of the boys in opening the faucet and taking the gasoline was actual and not technical. They were not attracted

to the cart in play, nor did the train of events which led to the injury start from a spontaneous and irresponsible taking of an enticing object. The cart was a thing apart from their activities, and they went to it merely as a source of supply for the predetermined purpose of obtaining gasoline. Nor were the agencies which caused the injury "brought into operation and controlled by defendant's employees," as in *O'Leary* v. *Michigan State Telephone Co., supra.*

However, even under the liberal doctrine of attractive nuisances, the case lacks so many of the conditions of liability stressed by the courts as to clearly preclude recovery. Thus —

It was not shown, as in *Peirce* v. *Lyden,* 85 C. C. A. 312 (157 Fed. 552), and *Shaffer Oil & Refining Co.* v. *Thomas,* 120 Okla. 253 (252 Pac. 41), relied on by plaintiff, that prior to the accident children had been playing around the cart and taking gasoline, from which defendant knew or was chargeable with notice of the practice and incurred the duty to anticipate a continuance of the custom and to take special precautions against injuries to children therefrom.

It was not shown that the manner of guarding, which need not be "child proof," 45 C. J. p. 782, was not considered in the business a careful practice, nor that it had been insufficient in other cases.

Plaintiff left upon the cart or accessible no tool to open the faucet, and it was not shown, nor can the court take notice, that the instrument used was an ordinary part of the contents of a boy's pocket, varied as they usually are, or was commonly possessed by children.

The faucet was not opened in the course of the investigation and experimentation of an irresponsible child but by an instrument, the intentional

selection and use of which demonstrated a considerable degree of mechanical skill and intelligence.

The gasoline was not taken in the ordinary course of childish play about the machine but as the deliberate, understanding and conscious appropriation of the goods of another for a definite use elsewhere.

The boy who opened the faucet and induced the taking of the gasoline was not identified and shown to have been of tender years.

The injury to plaintiff's decedent did not result from any effect of the gasoline unknown to the boys who took it, nor different from the purpose for which it was taken, nor from any inherent danger ignorantly released.

Between defendant's acts and the injury was the intervening conduct of the boys, who knew the effect of the contact of the gasoline and fire, in opening the faucet, taking the gasoline to another place where it became dangerous, and their negligence in handling it. *Jackson* v. *Mills Baking Co., supra; Beetz* v. *City of Brooklyn,* 10 App. Div. (N. Y.) 382 (41 N. Y. Supp. 1009); 23 L. R. A. (N. S.) 249, note.

Individually, some of these elements are not vital but others are, and, in combination, they are fatal to recovery. Imposition of liability on defendant in this case would carry the doctrine of attractive nuisance beyond that of any reported case and would result substantially in creating a duty upon owners of vehicles in the highway to insure children against the opportunity to hurt themselves.

Judgment is affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.