## BRIDGES v. DAHL.
### No. 8353.

Circuit Court of Appeals, Sixth Circuit.
Dec. 14, 1939.

Ray E. MacAllister, of Iron Mountain, Mich., for appellant.

Kelly, Kelly & Kelly, of Detroit, Mich., and Eldredge & Eldredge, of Marquette, Mich., for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from a judgment of $5,000 in favor of appellee. Appellant insists that the court erred in denying his motion for a directed verdict.

Appellant, C. G. Bridges, doing business under the name of C. G. Bridges Construction Company, during the calendar year 1930, was constructing a public highway in the vicinity of Bark River, Michigan, and, as a part of the project, maintained a workmen's camp composed of several buildings including a shed and garage. During the shut-down in the fall, winter and spring of 1930 and 1931, the construction equipment and explosives used in the prosecution of this work were stored in the garage building.

There is a sharp dispute as to whether the door to this garage was usually securely fastened or open, but there is substantial evidence showing it often remained open and that it was customary for children living near the camp to play about it and the other buildings on the premises. The garage was unfenced and without warning signs, all of which appellant knew. Appellee frequently delivered milk for his father to one of the families living at the camp and played about the garage and other buildings.

Although suit was not brought until after he attained majority, appellee was, at the time of the accident, but fifteen years and four months of age and he and a playmate, Louis Von Enkervort, on March 28, 1931, after delivering milk at the camp, entered the garage where appellant had a box of dynamite caps and took them and also a piece of fuse. At different times thereafter off the premises, appellee exploded some of the caps by placing the fuse in the open end, clamping them together with his teeth and, after lighting the fuse, throwing them. On April 2, 1931, he attempted to explode simultaneously the remaining sixty-one caps, placing a fuse in the open end of one of them, which as he tried to light, exploded throwing powder and pieces of metal violently into his face, causing severe injuries to his upper limbs, to his chest and other portions of his body, tearing the flesh of his right leg and burning and scarring his face. He was confined to a hospital for many months and permanently lost the sight of both eyes after much pain and suffering.

Appellee had no experience in the handling of dynamite caps and did not appreciate the dangers incident to their use, although he knew dynamite was dangerous and that it was unsafe to handle firecrackers. The caps were small and looked harmless.

Care is required of persons having possession and control of dangerous explosives, such as firearms, dynamite or caps and the utmost caution must be exercised to the end that harm may not come to others coming in contact with them and the degree of care is more exacting as respects young children. The extent of care which a reasonably prudent person should take with dangerous explosives to avoid injury in the case of a child is affected by the child's knowledge and understanding of the dangers incident to their use.

It is well-settled that one who keeps or uses explosives owes a duty to young children who cannot be expected to know or appreciate their danger, to exercise care commensurate with the danger to avoid injury to those who are likely to have access to or contact with the explosives. Michael Powers v. Harlow, 53 Mich. 507, 19 N.W. 257, 51 Am.Rep. 154; Restatement of Torts, Section 339. There is substantial evidence that appellant was negligent in leaving these caps where they were easily found by appellee and his playmates.

Contributory negligence, not having been affirmatively plead as a defense, is not an issue in this case. Michigan Court Rule 23, Section 3; Rule 8, Civil Procedure, Subsection (c), 28 U.S.C.A. following section 723c.

Under the laws of Michigan, the rule prevails that where there is no legal duty, there can be no actionable negligence which has been applied to both infants and adults who were trespassers and to whom no duty was owed to keep the premises on which the injuries occurred in a reasonably safe condition. McCaughna v. Electric

Company, 129 Mich. 407, 89 N.W. 73, 95 Am.St.Rep. 441; Thornton v. Ionia Free Fair Association, 229 Mich. 1, 200 N.W. 958; Le Duc v. Detroit Edison Company, 254 Mich. 86, 235 N.W. 832.

There is an exception to this rule that the owner or occupant of land is bound to exercise ordinary care commensurate with the danger to avoid injury to children where he maintains on his property dangerous explosives in places where they are accustomed to resort for play or other purposes and where their presence could be anticipated by the exercise of ordinary care. Butrick v. Snyder, 236 Mich. 300, 210 N.W. 311. As said in the case of Le Duc v. Detroit Edison Company, supra [254 Mich. 86, 235 N.W. 834] the point of distinction is this, "where the child is where he has a right to be, as in the street or as a licensee on private premises, and his trespass is technical rather than willful, i. e., consists of playing with or taking the property of another as the spontaneous and natural act of an irresponsible child immediately attracted to the object, recovery is not barred by the trespass."

The garage in which the dynamite caps in question were stored was in a cluster of contiguous camp buildings with no fencing between and two families with children lived in them. Appellee and other children played in and about the garage and other buildings in which the road machinery was stored and appellee made daily trips to the premises to deliver milk and there is substantial evidence that the garage doors stood wide open, the dynamite caps being on a shelf easily within the reach of the taller children. Appellant knew, or by the exercise of ordinary care, could have known that children played around these buildings and in the garage and that the dynamite caps were accessible to them.

As to whether an infant exercises due care to avoid danger is not to be measured by the rigid rule applicable to adults, but the standard to be applied to the conduct of a child is whether it exercised such care as is ordinarily exercised by children of the same age, capacity, discretion, knowledge and experience under the same or similar circumstances. The age of a child is not the true test for determining the degree of care required of him, but his intelligence. Clemens v. City of Sault Ste. Marie, 289 Mich. 254, 286 N.W. 232; Butrick v. Snyder, supra; Lehman v. Eureka Iron & Steel Works, 114 Mich. 260, 72 N.W. 183; Wright v. Detroit, Grand Haven & Milwaukee Railway Co., 77 Mich. 123, 43 N.W. 765; Winckowski v. Dodge, 183 Mich. 303, 149 N.W. 1061; Curtis v. Grand Trunk Railway Co., 178 Mich. 382, 144 N.W. 824; Harris v. Crawley, 170 Mich. 381, 136 N.W. 356.

We are of the opinion that the negligence of the appellee was not the sole proximate cause of his injuries as a matter of law. The act which proximately causes an accident may either result in immediate injury or may set in motion other acts or events, all constituting a natural and continuous chain, each having a close causal connection with its immediate predecessor, the final one immediately producing the injury as a natural and probable result of the first, and under such circumstances, the person responsible for starting the first link in the chain of events should, as one of ordinary experience and sagacity, foresee that the resulting injury might ensue. Camp v. Wilson, 258 Mich. 38, 241 N.W. 844.

Appellant's primary negligence, which we have said was a question for the jury, consisted of leaving the dynamite caps in a place where they were likely to fall into the hands of children, thus setting in motion a chain of events from which an ordinarily prudent person might reasonably anticipate injury. To say as a matter of law that this causation was broken by appellee taking the dynamite caps from the premises and later exploding them to his great injury, by his failure to realize their danger is to take a distorted view of the relative importance of this incident and would entirely ignore the duty resting on appellant to exercise reasonable care commensurate with the danger, to avoid leaving dynamite caps exposed to the inquisitiveness of infants, who lack sufficient discretion to appreciate the danger of exploding them. Luhman v. Hoover, 6 Cir., 100 F.2d 127.

The issue of proximate cause was, we think, fairly submitted to the jury. The judgment is affirmed.