BROWNING *v.* EICHELMAN.

1. Negligence—Children—Trespass—Attractive Nuisance.

The possessor of land may be liable under the doctrine of "attractive nuisance" for injury to children trespassing on his land if the injury results from the carrying on of an activity involving a risk of death or serious bodily harm to the children.

2. Same—Attractive Nuisance.

Liability is not imposed on the possessor of land in an attractive nuisance case unless there is an awareness that infant trespassers are subjecting themselves to danger and, with this knowledge, no reasonable action is taken to alleviate the danger.

3. Same—Attractive Nuisance—Possessor of Land—House Mover.

A house mover who is engaged in moving a garage on a piece of land belonging to another *held,* to be subject to liability under the doctrine of attractive nuisance as one having connection with the land, if the other elements of liability in attractive nuisance cases are present.

4. Same—Attractive Nuisance—Summary Judgment.

The tests of liability of the user of land for injury to infant trespassers on the land under the doctrine of attractive nuisance are factual tests, and an action brought on the theory of attractive nuisance where the tests are in issue cannot be resolved by a summary dismissal.

Appeal from Macomb, Noe (Alton H.), J.  Submitted Division 2 January 8, 1968, at Lansing. (Docket No. 3,185.)  Decided July 24, 1968.

References for Points in Headnotes

[1, 2, 4] 38 Am Jur, Negligence § 142 *et seq.*
Attractive nuisances, 36 ALR 34, s. 39 ALR 486, 45 ALR 982, 53 ALR 1344, 60 ALR 1444.
[3] 38 Am Jur, Negligence § 154.

Complaint by James D. Browning, for himself and as guardian of Craig Browning, a minor, against Raymond Eichelman, Rose Eichelman, and Wilbur J. Siewertsen and Donelda A. Siewertsen, doing business as Siewertsen House Moving, for negligence. Summary judgment of dismissal granted for defendants Siewertsen. Plaintiff appeals. Reversed and remanded.

*William P. Finch,* for plaintiff.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr,* for defendants Siewertsen.

CANHAM, J. This appeal arises from a summary judgment which dismissed an action, based on the theory of attractive nuisance, against house movers.

In May, 1965, Craig Browning, then six years old, was seriously injured while on the way home from school. This injury occurred while young Craig and a companion were exploring the interior of an unattended garage which had been placed on a trailer by the appellees-house movers. The precise cause of the injury was a collapse of a stack of heavy wood billets, one of which fell on the child.

It was contended that the house movers knew the garage would attract playing children and that inadequate precautions were taken to prevent injury to such children. When appellees moved for a summary judgment of dismissal, they advanced the argument that attractive nuisance applies only to possessors or owners of land, and because they were merely house movers, there was no cause of action against them. Appellees' theory proved eminently successful in the trial court.

In a by-gone era, when Michigan was one of the jurisdictions which stalwartly resisted the intrusion

of the doctrine of attractive nuisance,[1] it was not uncommon to have a non-owner user of land raise his legal occupation of land in conjunction with the defense that he was not liable for injury to trespassing children. See *Petrak* v. *Cooke Contracting Company* (1951), 329 Mich 564; *Morris* v. *Lewis Manufacturing Company* (1951), 331 Mich 252. We are now in an era where the law is ill-disposed to emancipate from responsibility those who are knowingly luring unsuspecting children to their own partial or total destruction. *Lyshak* v. *City of Detroit* (1958), 351 Mich 230. The position of the defense of a non-owner users of land has changed from the former attempt to avoid liability by being corralled with land-owners to the position which was presented here, that the land user can avoid liability by disdaining all connection with the land. However, the connection to the land that the non-owner users of a former day so carefully nurtured did not disintegrate when the law gave higher priority to the lives of children (whether or not they are breaking the trespassing laws which they are too young to comprehend) over the rights of property users to conduct their affairs without regard to others. This new emphasis in the law is not a judicially established welfare system which forces land users to be their brothers' keepers (or their brothers' children's keepers), and bear the financial burdens for those minors who by happenstance are injured while on the property of another. Liability is not imposed in attractive nuisance cases unless there is an awareness that infant trespassers are subjecting themselves to danger, *Heider* v. *Michigan Sugar Company* (1965), 375 Mich 490, and where, with this knowledge, no reasonable action is taken to alleviate

---

[1] Prosser, Torts (3rd ed, 1964), p 373.

the danger. *Nielsen* v. *Henry H. Stevens, Inc.*
(1960), 359 Mich 130.

These tests are factual tests and the case should
not have been resolved by a summary dismissal.

Reversed and remanded. Costs to appellant.

LESINSKI, C. J., and MCGREGOR, J., concurred.