AETNA INSURANCE COMPANY, Continental Insurance Company, Fidelity and Casualty Company, and United States Fidelity and Guaranty Company, Plaintiffs-Appellants,

v.

Evelyn STRINGHAM, Guardian of Dale Stringham, a minor, and John L. Brennan, Next Friend of Andrew Brennan, a minor, Defendants-Appellees.

No. 20244.

United States Court of Appeals, Sixth Circuit.

March 31, 1971.

————◆————

Rodman C. Moesta, Detroit, Mich., for plaintiffs-appellants; Johnson, Campbell & Moesta, Detroit, Mich., on brief.

Felix F. Best and Frank C. Painter, Jackson, Mich., for defendants-appellees; Alfred P. Stuart, Marshall, Mich., and Rosenburg, Painter, Stanton & Bullen, Jackson, Mich., on brief for Stringham; Ernest J. Rogers, Jackson, Mich., of counsel; Best & Arnold, Jackson, Mich., on brief for Brennan.

Before BROOKS and MILLER, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Aetna Insurance Company, Continental Insurance Company, Fidelity and Casualty Company and United States Fidelity and Guaranty Company, plaintiffs-appellants, were the insurers of a cattle auction barn located at 2159 Rives-Eaton Road in Jackson County, Michigan. The barn was owned by Harold, Phoebe, Clifford and Duane Hanchett and at the time of the fire, hereinafter mentioned, on June 27, 1966, it was leased to Rives Livestock Association. The barn had not been used for cattle auctions for two or three months prior to the fire.

On June 27, 1966, two seven year old boys, Dale Stringham and Andrew Brennan, went into the barn, which had been left open, to play. They built a hut out of some bales of straw and finding that they could not see to read their comic books in the hut they went to the

Stringham home and secured some matches. They first attempted to read by the lighted matches but this being unsatisfactory they lighted a small pile of straw. This soon got out of control and ignited the roof of the hut and then spread to the barn and completely destroyed it.

The appellants paid the insurance loss and took a subrogation agreement from the owners. They brought suit against the two minor defendants for damages resulting from the total destruction of the barn. Suit was based on trespass and negligence. Ownership of the premises was admitted in the pleadings and the plaintiffs' subrogation rights and damages in the amount of $52,000 were stipulated. Trial to the court without a jury resulted in a judgment for the defendants. This appeal followed.

The district judge found from the evidence that the boys were not guilty of negligence and this finding is not in dispute by the appellants. The judge further found that an unlocked and unattended barn was a very inviting place for seven year old boys to play; that children in the area had played in the barn before; that other children had been playing in the barn the day of the fire and that the owners and lessee knew that children had been playing in it.

The judge concluded that while the seven year old boy defendants were technically trespassers they were not to be held liable for damages because of the applicability of the "attractive nuisance" doctrine. He reasoned that since trespass is not a defense to an action brought by a child for damages sustained through injuries arising out of an attractive nuisance, the reverse would be true. An action for damages arising out of trespass could not be maintained where the trespass was a result of an attractive nuisance. We agree.

Jurisdiction of the District Court over the parties is based on diversity of citizenship. Sec. 1332(a) (1), Title 28, U. S.C. The substantive law of Michigan is applicable. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

It has long been held to be the law in Michigan that a defendant is liable for leaving a dangerous explosive stored in a shed only partly enclosed and its structure and location such as naturally to invite the entrance of children for play or for shelter from rain and sun. Powers v. Harlow, 53 Mich. 507, 515, 19 N.W. 257. Butrick v. Snyder, 236 Mich. 300, 306, 210 N.W. 311.

In Royston v. City of Charlotte, 278 Mich. 255 at p. 259, 270 N.W. 288, at p. 289, the Court quoted from Smith v. City of Iowa City, 213 Iowa 391, 239 N. W. 29, 30 as follows:

> "Trespass is the basic requirement of an attractive nuisance. The very theory of an attractive nuisance is that the device or thing claimed to be such is, by its character or nature. calculated and likely to attract children on the premises, where they may suffer injury. *Because of the attractive character of the instrumentality, the trespass is excused.*" (Emphasis added.)

In Le Duc v. Detroit Edison Co., 254 Mich. 86, 91, 235 N.W. 832, 834, the Court stated the rule where recovery is not barred by trespass as follows:

> "Where the child is where he has a right to be, as in the street or as a licensee on private premises, and his trespass is technical rather than wilful, i. e., consists of playing with or taking the property of another as the spontaneous and natural act of an irresponsible child immediately attracted to the object, recovery is not barred by the trespass."

In Buckeye Union Fire Insurance Co. v. State of Michigan, 383 Mich. 630, 178 N.W.2d 476 (July 17, 1970), the Court held the State of Michigan liable for a nuisance where it maintained property as a fire hazard to adjoining property.

In Lyshak v. City of Detroit, 351 Mich. 230, 88 N.W.2d 596, a seven year old boy trespassing on a golf course was permitted to recover against the City of Detroit for negligence of an employee in

teeing off a golf ball. The Court said at pages 241, 242, 88 N.W.2d at page 602,

"As the years have passed, however, the doctrine of the special immunity of landowners, particularly with respect to trespassing children, has been subjected to a persistent erosion. The courts have increasingly abandoned the position that: 'There is no more lawless class than children, and none more annoyingly resent an attempt to prevent their trespasses,' (Citations omitted)\* in favor of the position that, 'We are clothed with a trusteeship as to the care for those of tender years,' (Citations omitted.) We now, in most States, if not all, recognize that the rights of landowners are not absolute but are relative. Modern law represents an adjustment of conflicting interests. The landowner's right of exclusive occupancy is one factor. It is of great importance, both economically and socially. But does this give him an exemption from a citizen's ordinary duty to so conduct himself as not to subject others to unreasonable risk of harm? We must weigh against the ancient exclusive rights of the landowner the known fact (among others) that although urban children live, physically, in a world in which the stream of traffic has replaced the stream of water, and concrete and asphalt the pasture and meadow, mentally theirs is still a world of fiction and fantasy. Theirs, we know also, is a world in which property rights, either personal or real, are obscure, and in which the trespass is the norm. These things we cannot change. They are existing facts, as concrete as the playground itself, and the law must take them into account."

See Browning v. Eichelman, 12 Mich. App. 408, 162 N.W.2d 898; Huggett v. Erb, 182 Mich. 524, 148 N.W. 805. See also Heider v. Michigan Sugar Company, 375 Mich. 490, 134 N.W.2d 637, where the principle that a child, even though a trespasser, may recover from a defendant who negligently maintains his property which is attractive to a child, is discussed and recognized but not applied.

We find that the finding of the trial judge that the barn which was the subject of the fire constituted an "attractive nuisance" was supported by substantial evidence and was not clearly erroneous. His conclusion is logical and we agree with it.

"The court finds no reason whatever for restricting its application to only those cases where trespass is raised as a defense. For the fact that a trespass exists is similarly established regardless of whether the proof of such trespass is sought to avoid liability or to support recovery for damages. Thus, logic demands that what defeats the *defense* of trespass should also defeat *claims* based on trespass."

Judgment affirmed.