## HARRIS *v.* CRAWLEY.

1. INFANTS—DAMAGES—EMANCIPATION.
    The right of recovery for loss of an infant's ability to work, unless an emancipation is shown, belongs to the parent.[1]

2. SAME—DAMAGES—MEDICAL ATTENDANCE—PARENT AND CHILD.
    A father owes his child a duty to provide necessary medical attendance and support, but the infant may be liable for necessaries furnished it, if the father refuses or is unable to provide them.

3. NEGLIGENCE—ACTION—EVIDENCE.
    While defendant's bond to release property from attachment, showing ownership of the attached property, may be used as evidence of title, it is necessary to connect the injury with acts of defendant or his agent.

Error to Eaton; Smith, J.   Submitted April 15, 1910. (Docket No. 125.)   Decided May 7, 1910.

Case by Bernice Harris, by next friend, against Peter Crawley for personal injuries.   A judgment for plaintiff is reviewed by defendant on writ of error.   Reversed.

*Charles A. Watt* (*J. B. Judkins,* of counsel), for appellant.

*G. D. Blasier* and *A. G. Fleury,* for appellee.

HOOKER, J.   The plaintiff recovered a judgment against defendant, Crawley, for injuries caused by a fall from a "carousal" or "merry-go-round" in operation at a fair.   She was a girl in her teens, who lived with her father, a widower, and cared for the house.   She was permitted to recover damages for medical attendance, and for "damage in her daily avocation."   We feel constrained

[1] As to right of infant to recover damages for loss of services or diminished earning capacity, during minority, from personal injuries, see note to *Comer* v. *W. M. Ritter Lumber Co.* (W. Va.), 6 L. R. A. (N. S.) 552.

to reverse the judgment for the latter reason, as the right to recover for her loss of ability to work during her minority belongs to her father, unless she has been emancipated, which did not appear. She should not have been allowed such damages for that period. *Reeder* v. *Moore*, 95 Mich. 594 (55 N. W. 436).

It is also contended that she should not have been allowed to recover for expenses of medical attendance, which it is claimed were chargeable against her father, but not against her. It is true that a father owes a child the duty of providing such things as support and medical attendance and care, but it is also true that, where he refuses or is unable to furnish it, a child may be liable for necessaries furnished it. This question was not very fully discussed, and we therefore do not decide whether the rule can be applied in this case or not.

Another point should be noticed, viz., the fact that nowhere in the evidence is the defendant connected with the injury. It is a fact that the plaintiff testified to conduct of the "merry-go-round man," but she does not identify Crawley as such man. It is urged at the hearing that the fact that Crawley filed a bond to release the machine from attachment justifies the inference that he was owner. The bond is not shown in the printed record; and, while if it showed ownership by Crawley (and perhaps it does), it could be used as an admission of ownership, it does not follow that he was running the machine himself, or that he was necessarily responsible for the neglect of the man in charge, who may have been operating it on his own or another's account. This is mentioned because the subject may be important in another trial.

The judgment is reversed, and a new trial ordered.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.