## HARRIS *v.* CRAWLEY.

1. EVIDENCE—THEATERS AND SHOWS—MERRY-GO ROUND—TRIAL—
PERSONAL INJURY.

In the trial of a personal injury case, in which plaintiff claimed
that defendant, the operator of a merry-go-round, started the
machine before she had an opportunity to seat herself
securely, after plaintiff's counsel had inquired whether wit-
ness had noticed any guards, no error was committed by the
trial court in permitting defendant to state, in answer to a
question of his attorney, that he had never seen a machine
with a railing about the outside to fence in children riding
thereon.

2. NEGLIGENCE—INFANT—CONTRIBUTORY NEGLIGENCE.

The degree of care required of an infant is in proportion to its
capacity and maturity, and is to be determined in every case
according to the peculiar circumstances involved.

3. SAME—MINORS.

The court did not prejudice plaintiff by instructing the jury
that plaintiff was chargeable with the care that an ordinarily
prudent person would have employed under the same cir-
cumstances, taking into consideration plaintiff's age, intelli-
gence, and experience.

Error to Eaton; Sessions, J., presiding. Submitted
April 10, 1912.    (Docket No. 99.)    Decided May 31,
1912.

Case by Bernice Harris, by her next friend, against
Peter Crawley for personal injuries.   Judgment for de-
fendant.   Plaintiff brings error.   Affirmed.

*G. D. Blasier* and *A. G. Fleury* (*Elmer N. Peters*, of
counsel), for appellant.

STONE, J.   In this case the plaintiff seeks to recover
damages from the defendant for injuries sustained by her
in a fall from a "merry-go-round" owned and operated
by the defendant at the Fair Grounds in Eaton county,

on September 24, 1908. The case has been here before
(161 Mich. 383 [126 N. W. 421]), when a judgment for
the plaintiff was reversed and a new trial granted. It
has been again tried, resulting in a verdict and judgment
for the defendant, and the plaintiff-appellant seeks to re-
verse the judgment for alleged errors in the admission of
evidence, and in the charge of the trial court.

At the time of her injury, the plaintiff was 13 years of
age. The negligence claimed by the plaintiff was that
the defendant started the machine, or "merry-go-round,"
before she had a reasonable opportunity to place herself in
a position of safety and security upon the machine; and
that the defendant knew that she was in an unsafe and
dangerous position, and had not been able to place
herself in a secure position, and, knowing that, he
not only started the machine, but continued it in
operation and did not assist her in any way to secure a
safe position; and that while said machine was in opera-
tion she fell and received severe injuries without any fault
or negligence on her part. This was denied by the de-
fendant, who offered testimony tending to show that the
plaintiff selected and took her position upon one of the
"horses," or seats, before the machine started, and that
he requested her to change her position and sit with her
feet inside, instead of outside, the seat, but that she said she
always rode that way. And it was further claimed by
the defendant that the plaintiff jumped off the machine
just after it had started. There were many witnesses
examined who were present at the time of the injury, and
there is much conflict in the testimony.

It was undisputed that the plaintiff had ridden upon
like machines before; that the defendant was operating
the machine for profit to himself; and that he invited the
public generally and persons of the age of the plaintiff to
ride upon the machine, they paying a sum of money for
the privilege. Upon the trial of the case, the defendant,
upon his direct examination, was permitted to answer the
following question against the objection of the plaintiff:

"*Q.* Did you ever in the course of your life see a machine that had a railing around the outside to fence the children in?"

To which the plaintiff excepted, and the question was answered in the negative.

The trial court submitted the case to the jury under a very full and explicit charge, in which the following language occurred:

" If you do not find from the evidence that the defendant was negligent, that will end the case, and it will be your duty to render a verdict of no cause of action. If you find for the plaintiff upon that question, it will then be your duty to determine whether or not the negligence of the defendant was proximately and directly the cause of the injury sustained by the plaintiff. If you find that it was not, it will be your duty to render a verdict in favor of the defendant; if you find that it was, it will then be your duty to consider and to determine the question whether or not the plaintiff herself was guilty of any negligence which contributed in any degree to her injury. (If you find that she was guilty of any negligence which contributed in any degree to her injury, she cannot recover, and your verdict will be in favor of the defendant.)  And the test in that regard is this:  Did the plaintiff upon that occasion act in the manner that an ordinarily prudent and careful person of her age, intelligence, and experience would have acted under the same or like circumstances.   In this connection I will give you certain other requests that have been preferred by counsel for defendant:   ' If you should find that the defendant has been guilty of the negligence charged in plaintiff's declaration, then your next inquiry should be:  Has the plaintiff herself been guilty of negligence, because if she has, and that negligence contributed toward her injury, she cannot recover.   (If you find that the plaintiff, notwithstanding her age, was of ordinary intelligence and was capable of understanding the danger she would incur by leaping or falling from this machine while in motion, then she would be chargeable with the same care and prudence required of a grown person, and any negligence on her part, even of the slightest, which contributed to her injury, would relieve the defendant from liability, and your verdict should be for the defendant.)   If the plaintiff voluntarily

jumped from the machine and so was injured, there would not only be no negligence on the part of the defendant, but her negligence would be the direct cause of the accident, and you should find for the defendant. If you should find that the plaintiff just prior to the accident was sitting in an unsafe place or in an unsafe manner, and that she had been warned by the defendant and others, or by the defendant alone, in time to change her position, and had stubbornly refused to do so, in that case she had assumed the risk and you should find for the defendant.' Gentlemen, as I say, the question for you to determine is this: Did the plaintiff upon that occasion act in the prudent and careful manner that an ordinarily prudent and careful person would have acted under like or the same circumstances, taking into consideration her age, her intelligence, her experience, taking into consideration the position and the character of the machine, taking into consideration all of the circumstances and conditions that surrounded that occurrence as you find them to be from the evidence in the case, and if you find that she herself was guilty of any negligence which contributed to her injury, she cannot recover in this case. If you find that she was not guilty of negligence, and that defendant was guilty of negligence, and that the defendant's negligence resulted in her injury, it will then be your duty to render a verdict in favor of the plaintiff for some amount, and it will then become your duty to determine the amount of damages which she has sustained."

In their brief in this court, counsel for appellant have argued the second, fourth, and fifth assignments of error.

1. By the second assignment of error it is urged that the court erred in permitting the defendant to answer the question above quoted. In view of the fact that the plaintiff's witness Newark in his direct examination had testified as follows: "I did not notice guards; I think I would have seen them if there had been any because I was near enough"—we do not think the court erred in permitting the defendant to answer the question above quoted, and in overruling the plaintiff's objection thereto.

By the fourth assignment of error it is claimed that the court erred in giving that portion of the charge above quoted in the first parentheses. By the fifth assignment

of error it is claimed that the court erred in that portion of its charge embraced in the second parentheses above quoted.

2. The last two assignments of error may well be disposed of together. It is urged by appellant that the court here erred by laying down a rule that would charge the plaintiff with the same degree of care and prudence that is required of an adult person, and authorities are cited claimed to support this position, and among others there are *Wright* v. *Railway Co.*, 77 Mich. 123 (43 N. W. 765); *Lehman* v. *Steel Works*, 114 Mich. 260 (72 N. W 183); Baldwin on Personal Injuries (2d Ed.), §§ 189, 199 A reference to this last authority will show, in section 189, that author uses the following language:

"If the infant has sufficient intelligence and experience to understand and know the danger he may incur, he will, to that extent, be chargeable with contributory negligence. His age and intelligence is a criterion of the degree of care required or expected from him"—citing many Michigan cases, including *Henderson* v. *Railway Co.*, 116 Mich. 368 (74 N W 525), and *Trudell* v. *Railway Co.*, 126 Mich. 73 (85 N W 250, 53 L. R. A. 271), where it is held that it is the intelligence and not the age of the child which must control.

A reference to section 199 shows that the same author uses the following language:

"When children become older, while not wholly irresponsible, they are only required to exercise the care of a child of equal age, and the ordinary childish care and prudence of children of that age. The care and caution required of a child is according to its maturity and capacity only, and this is to be determined in each case by the circumstances of that case."

In *Lehman* v. *Steel Works, supra,* the plaintiff was nine years of age, and the question of contributory negligence was submitted to the jury. Chief Justice LONG there quotes from *East Saginaw City R. Co.* v. *Bohn*, 27 Mich. 503, as follows:

"It would be unreasonable and cruel in the extreme to hold such a child responsible for a prudence and foresight beyond his years, and for a perception and comprehension of dangers which are only learned by experience, or by observation and reflection"—citing many of the previous holdings of this court.

The rule as laid down in *Wright* v. *Railway Co.*, *supra*, is this:

"That the care and discretion to be used by children, and for which they must be held chargeable, must be proportioned to their age and capacity; and, while it must be ordinary care, it is not the ordinary care required of an adult under the same circumstances."

There the plaintiff, who was 4 years old, was in charge of a brother 13 years of age. We think the correct rule is stated in the following cases: *Henderson* v. *Railway Co.*, *supra; Trudell* v. *Railway Co.*, *supra*. In this last cast the injured boy was seven years and four months old. Justice LONG, speaking for the court, said:

"Age is not the true test in such cases. It is the intelligence of the boy, not his age, that must control."

*Zoltovski* v. *Gzella*, 159 Mich. 620 (124 N. W. 527, 26 L. R. A. [N. S.] 435, 134 Am. St. Rep. 752). In *Knickerbocker* v. *Railway Co.*, 167 Mich. 596 (133 N. W. 504), the following language is quoted with approval:

"As to any given event, a child is responsible for just such care for his own safety as may reasonably be expected of one of his age, development, and intelligence, under the circumstances characterizing the particular event."

Many cases are there quoted and referred to upon this subject. See, also, *Gibbs* v. *Dayton*, 166 Mich. 263 (131 N. W. 544).

Taking the entire portion of the charge above quoted together, it will be noted that the trial court called the attention of the jury in three or more instances to the rule that they must consider the age, intelligence, and experience of the plaintiff, and stated the law correctly, when

all that was said is considered.   In our opinion, the assignments of error cannot be sustained, and it must be held that there was no error in the portion of the charge complained of.

The judgment of the circuit court is affirmed.

MOORE, C. J , and STEERE, MCALVAY, BROOKE, BLAIR, and OSTRANDER, JJ., concurred.   BIRD, J., did not sit.