### BLACK *v.* PARKE, DAVIS & CO.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PERSONAL INJURIES—EXCESSIVE SPEED—EVIDENCE—QUESTION FOR JURY.

In an action for personal injuries to plaintiff, an errand boy 15 years of age, who while riding a bicycle south on the west side of a city street was struck at a street intersection by defendant's truck as it turned to go west, the court properly refused to instruct the jury that plaintiff was guilty of contributory negligence as a matter of law, for riding at an excessive rate of speed, where there was testimony that defendant's truck had come from a point about 50 feet south of the street intersection and had crossed the street and made the turn to the point of collision while plaintiff had come from a point 50 feet north of the intersecting street.

2. SAME—LAW OF ROAD—AUTOMOBILES.

It was not the duty of plaintiff to anticipate that the driver

On liability of municipal corporation for collision of automobile and bicycle, see note in 28 L. R. A. (N. S.) 944.

On reciprocal duty of driver of automobile and child riding bicycle in street, see note in L. R. A. 1918A, 255.

of the truck would cut across the corner and drive on the wrong side of the street.

3. SAME — VIOLATION OF LAW OF ROAD — DUTY OF DRIVER — PRE-SUMPTIONS.

One who violates the "law of the road" by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on the right side, and if a collision takes place the presumption is against him.

4. SAME—TRIAL—INSTRUCTIONS.

The trial court was not in error in instructing the jury that plaintiff's age, intelligence, and experience were to be considered.

5. APPEAL AND ERROR — INSTRUCTIONS IN GENERAL CHARGE—REFUSAL OF REQUESTED INSTRUCTION.

Where the trial judge, in the charge as a whole, correctly instructed the jury regarding plaintiff's duty, under the circumstances of the case, it was not error to instruct them that plaintiff had a right to assume that the defendant would obey the law of the road without also instructing them that this would not relieve him from exercising care in crossing a street intersection.

Error to Wayne; Webster (Arthur), J. Submitted June 11, 1920. (Docket No. 71.) Decided July 20, 1920.

Case by Charles H. Black, guardian of George A. Stafford, an infant, against Parke, Davis & Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Charles M. Woodruff* (*George J. Haines,* of counsel), for appellant.

*S. Homer Ferguson* (*Frank B. Ferguson,* of counsel), for appellee.

CLARK, J. Plaintiff, an errand boy 15 years of age, riding a bicycle in the daytime, was going south on

the west side of Clifford street in Detroit. Going north on the opposite side of the street an employee of defendant was driving one of its trucks, who, reaching the intersection of Clifford street and Adams avenue, guided the truck to the left to go west on Adams and collided with plaintiff. Plaintiff was injured and the suit he brought resulted in verdict and judgment in his favor.

Defendant here urges that the trial court was in error in refusing to instruct the jury that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff and the driver of the truck were the only witnesses sworn. Defendant's negligence as claimed by plaintiff in his testimony consisted principally in driving the truck while turning into Adams avenue at an excessive and unlawful speed, and in driving on the wrong side of the street in making the turn, and it was also said that defendant as to turning gave no warning or signal. The statute in force at the time (Act No. 318, Pub. Acts 1909, § 7) as to motor vehicles provided that—

"* * * within the corporate limits of all cities and villages, the rate of speed shall not be more than ten miles an hour in the business portion of any such city, or village, and not greater than 15 miles an hour in other portions thereof, subject, however, to the other provisions of this act. Upon approaching an intersecting highway, a bridge, dam, sharp curve or steep descent, and also in traversing such intersecting highways, bridge, dam, curve or descent, a person operating a motor vehicle shall have it under control and operate it at such a speed as is reasonable and proper, having regard to the traffic then on such highway and the safety of the public."

An ordinance of the city provided:

"No vehicle shall cross a main thoroughfare or street upon which there is a street car track, or make a turn thereon, at a rate of speed exceeding one-half the legal speed limit," and

"Drivers or operators of vehicles before turning shall make sure that such movement can be made in safety, and give a plain, visible signal to others upon the street by extending the hand or otherwise."

There were street car tracks on Clifford street. It is not shown that there were such tracks on Adams avenue. Whether the character of that portion of the city was such that it was subject to the statutory 10-mile limit or to the 15-mile limit was a question of fact submitted to the jury.

Defendant's driver did not see plaintiff before the collision. Plaintiff first saw the truck when he was about 50 feet north of Adams avenue and when the truck was about 50 feet south of said street intersection.

Plaintiff's claimed negligence is that he exceeded a reasonable and lawful rate of speed and failed before crossing Adams avenue to observe more closely defendant's truck.

We think it unnecessary to discuss the question raised by counsel as to whether the plaintiff riding a bicycle was subject to the city ordinance respecting motor vehicles or vehicles. Plaintiff testified that he was going "under ten miles an hour" and "not over eight mile an hour." The driver of the truck testified that in turning over the car tracks and across Clifford street into the intersecting Adams avenue his rate of speed did not exceed five miles per hour and there was testimony that the truck had come from a point about 50 feet south of the street intersection, and had crossed Clifford street and made the turn to the point of collision, said to be the center of Adams avenue, while plaintiff had come south from a point 50 feet north of Adams avenue. In this regard, under all of the evidence herein reviewed, the question of plaintiff's contributory negligence was properly submitted to the jury. See recent opinion written by Justice SHARPE, *Ward* v. *De Young*, 210 Mich. 67.

After first seeing the truck plaintiff testified that he did not again observe it until he was hit and he said: "I seen him out of the corner of my eye. I did not have a chance to·get away." Explaining the accident, plaintiff said:

"Well, he came up the street, and instead of going up to the center of the street and turning across, if he had went up to the center of the street, I would have been past the place where he hit me, I would have been on the opposite side of the street."

It was not the duty of plaintiff to anticipate that the driver of the truck would cut across the corner and drive on the wrong side of the street. *Winckowski* v. *Dodge*, 183 Mich. 303. And in the above case Justice STEERE for the court said:

"One who violates the 'law of the road' by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on the right side,  *  *  *  and if a collision takes place in such circumstances, the presumption is against the party who is on the wrong side."

The trial court was right in declining to say that plaintiff was guilty of contributory negligence as a matter of law.

In passing upon the question of plaintiff's contributory negligence the jury was instructed that his age, intelligence, and experience were to be considered. Of this defendant complains. This was not erroneous. See *Harris* v. *Crawley*, 170 Mich., at pages 385, 386, where cases and authorities are reviewed by Justice STONE.

It is said that the court erred in instructing the jury that the plaintiff had a right to assume that the defendant would obey the law of the road without also instructing that this would not relieve plaintiff from exercising care in crossing a street intersection. In the charge as a whole the jury was instructed suffi-

ciently regarding plaintiff's duty under the circumstances of the case.

We have considered the questions raised. The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.