RUBY *v.* BUXTON.

1. AUTOMOBILES—U-TURN—NEGLIGENCE—QUESTION FOR JURY.
    In action by special administratrix of estate of motorist engaged in making a U-turn at 11:30 p.m. during a hard rainstorm on a four-lane pavement and whose front wheels had just crossed over center line into inner lane for oncoming traffic when defendant's car collided with decedent's car, killed him and his passenger shortly after overtaking and passing a second oncoming car and thereafter colliding with it, question of defendant's negligence was properly left to jury.

2. SAME—BAD WEATHER—HIGHER STANDARD OF CARE.
    Bad weather conditions place a greater than normal degree of care on a motorist so to drive his car that a collision would not result.

3. SAME—U-TURN—PRESUMPTIONS—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW.
    A motorist who was killed while making a U-turn at 11:30 p.m. during a hard rainstorm on a four-lane pavement is presumed to have seen approaching traffic and where he stopped his car with the front end projecting over the center line of the pavement in front of oncoming traffic he was guilty of contributory negligence as a matter of law, since one who drives onto the wrong side of the road assumes the liability for so doing.

4. COSTS—PROLIX BRIEF.
    Appellant who succeeded in obtaining reversal on appeal in action at law is permitted to tax costs for only a portion of excessively prolix brief.

Appeal from Genesee; Elliott (Philip), J. Submitted January 5, 1943. (Docket No. 26, Calendar No. 42,138.) Decided April 6, 1943.

Violation of statute as negligence, see 2 Restatement, Torts, § 286.

Case by Mary Ruby, as special administratrix of the estate of Allen Ruby, deceased, against Reginald D. C. Buxton for personal injuries resulting from an automobile collision and causing death of decedent. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Millard & Roberts,* for plaintiff.

*James M. Pearson,* for defendant.

NORTH, J. This is an action at law tried before the court with a jury. At the conclusion of plaintiff's proofs and at the close of defendant's proofs a motion was made for a directed verdict in favor of defendant. The court took these motions under advisement, submitted the case to the jury, and the jury returned a verdict for $3,000 in favor of the plaintiff. Defendant then filed a motion for a judgment notwithstanding the verdict. This motion was denied. Defendant also filed a motion for a new trial which was denied and judgment was entered on the verdict.

The case arose from an automobile collision wherein the plaintiff's husband and a passenger, one Osa Bole, suffered injuries from which both died. On May 5, 1940, at 11:30 p. m., plaintiff's decedent left their home in Flint, Michigan, in the company of Mr. Bole for the purpose of going to work in Detroit, Michigan. While decedent was attempting to make a U-turn on Dort highway, a collision occurred with the defendant's automobile.

Dort highway is a four-lane concrete road, two lanes for southbound traffic and two for northbound traffic. There are shoulders on the side of the highway which are wide enough for a car to park. At the time of the accident weather conditions were

very bad; it was raining hard at the time, with resulting poor visibility. The plaintiff's decedent had been proceeding south and the defendant was driving north. Just before the collision, the defendant's car passed an automobile being driven by one Harold Smith, also proceeding in a northerly direction and on the easterly or outer lane. Passengers in the Smith car were Helen Smith, Wilburt Byers, Mrs. Sarah Byers and Hattie Zarko.

This much of the evidence is practically undisputed, but the balance of the testimony is highly conflicting. If we construe the testimony most favorably to the plaintiff it discloses that Harold Smith saw the decedent's car pull off the west side of the pavement, stop for a short time and then start to make a U-turn, again coming to a stop with the right front wheel of the decedent's car over or east of the center line of the road about one foot. The lights of all cars involved were in working order and were turned on. Like testimony was given by Mrs. Smith.

The accident occurred 300 to 500 feet north of an intersection where the Smith car passed a traffic light, and at which time defendant's car was behind the Smith car. At some point between the traffic light and the place of the collision, the defendant overtook the Smith car and passed it by driving in the inner lane on the east side of the road. When defendant's car was about one and a half car lengths ahead of the Smith car, the collision occurred in the northbound traffic area. There is conflicting evidence as to the speed at which the defendant's car was being driven, the evidence being from 30 or 35 miles per hour up to 60 or 65 miles per hour. After the collision with decedent's car the defendant's car spun around into the path of the Smith car which resulted in a second collision.

The question of defendant's negligence was properly one for the jury. But assuming defendant was negligent he asserts he was entitled to a directed verdict on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law.

The testimony construed most favorably to the plaintiff shows that her decedent started to make the U-turn and then stopped before completing it; stopping however with a part of the front end of his car projecting over the center line of the highway. There is no showing of any untoward incident or emergency which caused the plaintiff's decedent to be in the position in which he was, or to excuse him for being on the wrong side of the road in the face of approaching traffic. The bad weather conditions placed a greater than normal degree of care on the plaintiff's decedent so to drive his car that a collision would not result. We do not have the testimony of the deceased, but he is presumed to have seen what he should have seen, *i. e.,* the approaching traffic and if, as disclosed by undisputed testimony, decedent made a left turn in front of this oncoming traffic, he was contributorily negligent. On this phase of the instant case *Gillett* v. *Michigan United Traction Co.,* 205 Mich. 410, is quite pertinent.

The plaintiff argues that an error in judgment as to clearance for making a U-turn prevents holding decedent guilty of contributory negligence as a matter of law, and relies on *Travelers' Indemnity Co.* v. *Detroit United Ry. Co.,* 193 Mich. 375, as authority in point. The present case must be distinguished from the cited case because here plaintiff's decedent must have known he did not have the time or space to complete the U-turn in front of the oncoming traffic, otherwise he would not have stopped as he did. And in stopping there was a duty upon decedent not to obstruct the way of the oncoming north-

bound traffic. Under the testimony most favorable to plaintiff, decedent's car projected over the center line of the highway and into the defendant's traffic lane. We have held repeatedly that one who drives onto the wrong side of the road assumes the liability for so doing. *Winckowski* v. *Dodge,* 183 Mich. 303; *Black* v. *Parke, Davis & Co.,* 211 Mich. 274; *Sanderson* v. *Barkman,* 264 Mich. 152.

Under this record plaintiff's decedent was guilty of contributory negligence in stopping in the center of the highway with a portion of his car projecting over the center line of the road. This was a contributing cause of the accident. Because of such negligence on the part of the plaintiff's decedent, recovery by her is precluded. There was contributory negligence as a matter of law on the part of plaintiff's decedent and the trial court erred in denying defendant's motions for a directed verdict and in denying defendant's motion for a judgment *non obstante veredicto.*

Judgment is reversed, without a new trial. Appellant will have costs of both courts; but he will be limited to taxing costs of his brief in this court to 25 pages. His brief of 122 pages is out of all proportion to the requirements of this appeal.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.