BUSH v OSCODA AREA SCHOOLS

Docket No. 50944. Submitted May 7, 1981, at Lansing.—Decided
September 10, 1981.

Tracey Ann Foxworth was injured when a jug of methanol
exploded outside a physical science class at a school operated
by the Oscoda Area Schools. Annie M. Bush brought an action
for herself and as next friend of Tracey Ann against the Oscoda
Area Schools, its superintendent, and Tracey Ann's classroom
teacher and school principal in the Iosco Circuit Court. The
court granted summary judgment for defendants on the basis of
governmental immunity. The Court of Appeals affirmed as to
the school district and its superintendent and reversed as to the
classroom teacher and school principal, 72 Mich App 670
(1976). The Supreme Court reversed as to the Oscoda Area
Schools, holding that the classroom in which the explosion
occurred could be found to be dangerous or defective in light of
the use for which it was assigned at the time of the incident,
405 Mich 716 (1979). As such, the defendant school system
could be held liable under the "defective building" provision of
the governmental tort liability act. The Court's decision also
rendered all of the individual defendants free from liability.
The trial court, Allan C. Miller, J., granted judgment against
the school system pursuant to a jury verdict that plaintiffs'
total damages were $295,000 and that Tracey Ann had been
44% negligent. The judgment was for $162,839.60 with interest
at 6% from July 19, 1974, the date of filing the complaint.
Defendant appealed, alleging that the court erred in restricting
defendant's introduction of evidence regarding its reasons for
using the classroom in question for physical science education,
that the verdict was against the great weight of the evidence,
that the court erred in denying defendant's request to charge
the jury to the effect that Tracey Ann was negligent as a

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 145,
    150.
[2] 75 Am Jur 2d, Trial § 574.
[3] 57 Am Jur 2d, Negligence § 447.
[4] 57 Am Jur 2d, Negligence § 438.

matter of law and that this negligence was a proximate cause of her injuries, that the jury was improperly allowed to consider loss of earning capacity as an element of damages, and that prejudgment interest should only be allowed from the date the Supreme Court adopted the comparative negligence doctrine, February 8, 1979. *Held:*

1. The reasons why the school district used the classroom for physical science education were irrelevant and were properly excluded from evidence.

2. The verdict was not against the great weight of the evidence.

3. The court correctly instructed the jury regarding Tracey Ann's negligence. The trial involved the comparative negligence of a minor. It was proper to instruct the jury that the minor's conduct is to be assessed in relation to her age, intelligence and experience.

4. Tracey Ann's lost earning capacity was a proper element of damages.

5. A plaintiff who obtains a judgment under the comparative negligence doctrine in a case filed prior to the adoption of the doctrine is entitled to interest on the judgment from the date of filing. The court's judgment was proper.

Affirmed.

1. EVIDENCE — GOVERNMENTAL IMMUNITY — DEFECTIVE BUILDING EXCEPTION — DEFENSES.

The reasons why a governmental entity used a building for a certain purpose is irrelevant in a trial for damages under the defective building exception to the governmental tort liability act.

2. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS.

Any deviation from an applicable and accurate Standard Jury Instruction is presumptively prejudicial.

3. NEGLIGENCE — MINORS — COMPARATIVE NEGLIGENCE.

It is proper to instruct the jury that the minor's conduct is to be assessed in relation to his age, intelligence and experience, where a trial involves the comparative negligence of the minor.

4. JUDGMENTS — INTEREST ON JUDGMENTS — COMPARATIVE NEGLIGENCE.

A plaintiff who obtains a judgment under the comparative negligence doctrine in a case filed prior to the adoption of the doctrine is entitled to interest on the judgment from the date of filing.

*Yahne, Boyce, White & Werth,* for plaintiffs.

*Keil, Henneke, Ruhala & McKone,* for defendant.

Before: M. J. KELLY, P.J., and BRONSON and R. M. DANIELS,* JJ.

BRONSON, J. Defendant appeals by right from a December 31, 1979, judgment, entered pursuant to a jury verdict, awarding damages to plaintiffs as a result of injuries sustained by Tracey Ann Foxworth when a jug of methanol exploded during a physical science class at a school operated by defendant. At the time of the incident, Ms. Foxworth was 14 years old. The jury placed plaintiffs' total damages at $295,000. However, the jury also found that Tracey Ann had been 44% negligent under comparative negligence principles. Thus, the trial court entered judgment in the amount of $162,839.60 with interest at 6% per annum from July 19, 1974, the filing date of plaintiffs' original complaint.

This case is no stranger to the Michigan appellate courts. In *Bush v Oscoda Area Schools,* 72 Mich App 670; 250 NW2d 759 (1976), this Court affirmed the lower court's grant of summary judgment on the basis of governmental immunity as to the school district and the superintendent, but reversed as to the classroom teacher and school principal. While all three judges agreed on the result, each wrote a separate opinion explaining his rationale. The Michigan Supreme Court in *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), reversed as to the Oscoda Area Schools, holding that the classroom in which the explosion occurred could be found to be dangerous

---

* Circuit judge, sitting on the Court of Appeals by assignment.

or defective in light of the use for which it was assigned at the time of the incident. As such, the defendant school system could be held liable under the "defective building" provision of the governmental tort liability act. MCL 691.1406; MSA 3.996(106). The Court's decision also rendered all of the individual defendants free from liability, albeit the four votes for this position came on different theories.

The factual background of this case is adequately set forth in the two previous *Bush* opinions. Further facts will be set forth as necessary for a complete discussion of the issues raised.

Defendant asserts that because this case was tried under the "defective building" exception to the governmental tort liability act, the trial judge reversibly erred by restricting defendant's introduction of evidence at trial regarding its reasons for using the classroom in question for physical science education. We agree with the trial court that why the classroom in issue was utilized as it was is unimportant. Defendant relies on the following sentence from the Supreme Court opinion in *Bush, supra,* 733, for its position:

"In such situations it might be reasonable to change temporarily the use of a building or room or in the case of a highway, reroute traffic."

This sentence is taken out of context, however. The following excerpt from *Bush* explains under what circumstances a temporary change in a room's use may be deemed reasonable:

"A governmental agency is not subject to liability for a dangerous or defective condition unless it 'had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to

remedy the condition or to take action reasonably nec-
essary to protect the public against the condition'. It
was thus a question of fact whether the school district,
with knowledge of the defect, failed 'to take action
reasonably necessary to protect' the students. *Tempo-
rary use of the unconverted room may have been
reasonable provided the school district took appropriate
action to protect the students until permanent protec-
tive measures could be provided." Id.* (Emphasis added
and footnotes omitted.)

Defendant does not argue that the use of the room
for physical science classes was temporary. Fur-
thermore, defendant failed to introduce testimony
showing that "appropriate action to protect the
students" had been taken *(i.e.,* the installation of
normal safety devices). As such, explanations such
as increased enrollment could not excuse the dis-
trict and were irrelevant.[1] In any case, much
evidence was adduced concerning student popula-
tion, lack of available laboratory space, and sched-
uling conflicts. The jury had before it the essence
of the evidence defendant contends was improperly
excluded.

Defendant also contends that the verdict was
against the great weight of the evidence. This

[1] The irrelevance of the proposed line of questioning can be illus-
trated by analogizing to a medical malpractice case arising out of an
emergency procedure in a hospital. If, in retrospect, the doctor's
surgical treatment had a bad result, his explanation as to why he
acted as he did would be highly relevant to whether he was negligent,
assuming he observed basic medical procedures prior to embarking on
the operation. However, his explanation as to why he decided a
particular surgical procedure would be in order would be totally
irrelevant if he admitted that he had dirty hands at the time he
operated and his patient experienced detriment due to infection.
Similarly, defendant in this case argues that, despite the fact that it
did not intend to introduce any testimony showing that the classroom
was only to be temporarily used for physical science instruction and
despite the fact that it did not plan to show that adequate measures
had been taken to make the room safe for use as a physical science
classroom, it should be allowed to explain why it was using the room
for physical science classes as a defense to the action.

assertion is based largely on the fact that Ms. Foxworth initially lied about how the explosion occurred. The original opinions in this case were premised on the false testimony. Ms. Foxworth, who had apparently matured over the years since the accident occurred, elected to tell the truth at trial. Foxworth admitted that she brought a lighted match near the open end of the alcohol jug and this is what caused the explosion.

It does not appear to us that Foxworth's original deception has any bearing on defendant's present challenge to the evidence. The case was tried on the theory that the classroom constituted a dangerous place when used for physical science classes because it lacked safety devices including an exhaust hood, safety shower, sinks, fixed desks, chemical powder fire extinguisher, was exposed to sunlight, and was used for improper storage. The fact that Ms. Foxworth was more responsible for the explosion than was originally believed in no way negates the fact that there were inadequate safety devices.

Defendant next asserts that the trial court's modification to SJI 21.02 requires reversal. The modifications involved the substance of the contributory negligence portion of the instruction. Some alteration of this instruction was manifestly required to reflect the comparative negligence doctrine as adopted by the Supreme Court in *Placek v City of Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

Despite this obvious fact defendant urges us to apply the rule that any modification of the standard jury instructions is presumptively prejudicial. *Javis v Board of Education of the School Dist of Ypsilanti,* 393 Mich 689, 702; 227 NW2d 543 (1975). *Javis,* however, is inapposite because here

the deviation was not from "an applicable and accurate SJI".

The trial court instructed:

"Plaintiff has the burden of proof on each of the following propositions:

" 'a', that Tracey Ann Foxworth was injured;

" 'b', that the classroom was dangerous or defective when used as a physical science classroom;

" 'c', that defendant had actual or constructive knowledge of this dangerous or defective condition;

" 'd', that for a reasonable time after acquiring this knowledge defendant failed to remedy the condition or failed to take action reasonably necessary to protect Tracey Ann Foxworth against this condition;

" 'e', that the dangerous or defective condition of the classroom was a proximate cause of Tracey Ann Foxworth's injuries and damages."

Defendant objects to the fact that later references to what plaintiffs had to prove were simply referred to as "a through e". The trial judge stated that to reiterate the elements each time a reference was made to plaintiffs' burden of proof would introduce mere repetition which would not aid the jury. The charge accurately stated the law. If the jurors could not remember what plaintiffs had to prove, they could have requested further instructions. They did not. On the record at hand we have no reason to believe that the jury did not understand what elements plaintiffs were required to prove.

Defendant also argues that the trial court erred reversibly in denying its request to charge the jury that Tracey Ann Foxworth was negligent as a matter of law and that this negligence was a proximate cause of her injuries. Instead of giving the requested instruction, the court charged in accordance with SJI 10.05 as follows:

"Contributory negligence for a minor plaintiff; when I use the term negligence or contributory negligence with respect to the conduct of Tracey Ann Foxworth I mean her failure to use ordinary care for her own safety, which proximately contributed to her injury. By failure to use ordinary care for her own safety, I mean the failure to do something which a reasonably careful minor of the age, mental capacity and experience of Tracey Ann Foxworth would do or the doing of something which a reasonably careful minor would not do under the circumstances which you find existed in this case. It is for you to decide what a reasonably careful minor would do or would not do under the circumstances."

In *Baker v Alt,* 374 Mich 492; 132 NW2d 614 (1965), the Supreme Court adopted the common-law rule and held that children under the age of seven could not be found contributorily negligent. This same common-law rule provided that children between the ages of 7 and 14 were presumed to be incapable of contributory negligence. Prosser, Torts (4th ed), § 32, pp 154-157. We find no Michigan cases adopting this aspect of the common-law rule. We do find, however, several venerable Michigan Supreme Court decisions stating that when older children are involved, their conduct is to be assessed in relation to their age, intelligence, and experience. See *East Saginaw City R Co v Bohn,* 27 Mich 503 (1873) (specifically referring to the recklessness of boys from "eight to fourteen years of age"), *Cooper v Lake Shore & Michigan Southern R Co,* 66 Mich 261; 33 NW 306 (1887) (plaintiff's decedent was an 11-year-old girl), *Harris v Crawley,* 170 Mich 381; 136 NW 356 (1912) (plaintiff was a 13-year-old girl), *Black v Parke, Davis & Co,* 211 Mich 274; 178 NW 700 (1920) (plaintiff's ward was a 15-year-old boy).

GCR 1963, 516.6(2) provides:

"Pertinent portions of Michigan Standard Jury Instructions (SJI) published under authority of this subrule shall be given in each civil case in which jury instructions are given if (a) they are applicable and (b) they accurately state the applicable law."

Under existing Supreme Court precedent we find no error in charging the jury in SJI 10.05.

Defendant's next assertion of error does not challenge its responsibility for damages but, rather, whether the jury was improperly allowed to consider loss of earning capacity as an element of damages. Defendant contends that no evidence was submitted suggesting that plaintiff's injuries in any way interfered with her capacity to earn a living. No objection was lodged against the giving of this instruction so that absent a showing of manifest injustice, any error in the instruction is not grounds for reversal. *Gage v Ford Motor Co,* 102 Mich App 310, 319; 301 NW2d 517 (1980).

We disagree that the instruction was erroneous. Ms. Foxworth was a licensed beautician at the time of the trial. She was interested in cosmetology but, were she to pursue a career in this field, at a minimum she would need to wear gloves because cosmetology involves the handling of chemicals. Ms. Foxworth has a poor ability to spread her fingers on her burned hand. She also has extraordinarily thin skin which provides little protection from injury. Her scars are permanent, and it may be necessary for her to have further surgery. Ms. Foxworth has both social and occupational limitations. Her treating physician testified that she should not do heavy manual labor or any sort of outside work. She also must avoid chemical irritants and the cold. In our opinion these facts were sufficient to justify giving an instruction on loss of earning capacity.

The final claim of error presents an issue of first impression concerning how prejudgment interest is to be computed in light of the Supreme Court's decision to adopt comparative negligence in *Placek, supra.* Defendant argues that since, prior to *Placek,* Ms. Foxworth's own negligence would have precluded plaintiffs' recovery, interest should have been awarded only from February 8, 1979, the date upon which *Placek* was decided.

We agree with defendant's contention that had this case been tried pre-*Placek,* contributory negligence would have been a bar to Ms. Foxworth's recovery. However, it does not follow that, because of a change in the substantive law regarding the effect of a plaintiff's own negligence in a tort action, interest should not be paid from the date the action was initially filed. MCL 600.6013; MSA 27A.6013 provides for interest to be calculated from the date of filing the complaint. The Supreme Court did not provide in *Placek* that, for purposes of calculating interest, cases filed prior to the date *Placek* was decided in which a plaintiff is ultimately found partially negligent are to be considered filed on February 8, 1979. Recently the Legislature amended MCL 600.6013; MSA 27A.6013 by 1980 PA 134. The Legislature could have provided that interest be calculated from February 8, 1979, in cases involving a finding of comparative negligence filed prior to February 8, 1979. It did not. The failure of the Legislature to alter the interest statute to provide for a different date upon which computation of interest is to begin in comparative negligence cases must be taken as indicative of a legislative intent not to provide any special method of computation in such cases. The Legislature when amending a statute is presumed to have knowledge of existing laws. *Skidmore v Czapiga,*

82 Mich App 689, 691; 267 NW2d 150 (1978), *lv den* 403 Mich 810 (1978). Furthermore, in light of the fact that *Placek* was intended to rectify what were perceived as inequities caused by the contributory negligence rule, we see no reason to perpetuate these inequities in any manner following the *Placek* decision.

Plaintiffs also raise an issue concerning the proper calculation of interest in light of the recent amendment to MCL 600.6013; MSA 27A.6013. However, since plaintiffs did not take a cross-appeal, we decline to consider their claim.

Affirmed.