ROBERT V. ROE, *p. a. vs.* THE NARRAGANSETT ELECTRIC COMPANY.

JUNE 15, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This action of trespass on the case for negligence, brought by a minor through his next friend, is here on plaintiff's exception to a ruling of the Superior Court sustaining a demurrer to the declaration.

The declaration is in eight counts which charge substantially that defendant maintained a dangerous instrumentality, to wit, a transformer, on the premises occupied by the Davis-Jones Insulated Wire Corp. in East Providence; that the transformer was in the same location at the time of the injuries to the plaintiff as it was when the premises were purchased by the said Davis-Jones Corp. and that there was no letting or leasing of said location by said company to the defendant and that there is no recorded lease or letting from its predecessor in title; that, two or three years prior to the action, a fence or barrier erected by the defendant enclosing the premises on which the transformer was located was partially destroyed by fire leaving an opening in said barrier through which various people entered the enclosure for the purpose of using the same for a toilet; that the defendant knew or, by the exercise of reasonable care, should have known of this use; that the plaintiff had assisted the employees of the

Real Reel Corp., a tenant of a part of the premises of said Davis-Jones Corp., in unloading merchandise and that the employees of said corporation used the enclosure about the transformer for toilet purposes.

The charge of negligence is that the defendant failed to keep the transformer in repair and properly insulated as required on account of its well-known highly-dangerous character and that it failed to keep in repair the fence enclosing the premises.

The allegation made by way of inducement that plaintiff assisted the employees of the Real Reel Corp. on premises near or adjacent to the transformer is not sufficient to make him an invitee or licensee of said corporation. As to it, from aught that appears in the declaration, he was a trespasser. *Rogers v. Hebe Co.,* 52 R. I. 274. But the plaintiff contends that, even though he was a trespasser as to the owner or tenant, he is entitled to recover because defendant is not an owner or tenant of the premises on which its transformer was located.

There is respectable authority for the proposition that immunity from liability for negligence as to a trespasser does not extend to one who is neither owner nor tenant of the premises on which the trespasser sustained injuries. *Guinn v. Del. & Atl. Telephone Co.,* 72 N. J. L. 276; *Humphrey v. Twin State Gas & Elec. Co.,* 100 Vt. 414, 139 Atl. 440. These cases are distinguishable from the instant case in that the accident occurred on premises in which the defendant had no greater right than the plaintiff. The injury in each case was received by the transmission of electricity, from the place where presumably the defendant had a license to erect its poles, through a broken wire, to premises over which it had no control. The immunity from liability for negligence with respect to a trespasser or licensee is not confined to the owner of the land or his tenant; it extends to one who has the right, whatever the nature of the tenure, to exclude trespassers from the premises where an accident occurred. 45 C. J. 786, Sec. 191.

The facts in *Robbins* v. *Athol Gas & Elec. Co.*, 236 Mass. 387, are somewhat similar to the facts in the instant case. The defendant, under contract with a manufacturing company,—owner of the premises—erected three transformers a few feet away from a pathway sometimes used as a way by members of a gun club and the owners of adjacent property. Plaintiff's intestate with another boy was walking along the path. He stepped from the path, went toward the transformers, placed his hand on a high voltage wire, from which the insulation in one place had worn away, and was electrocuted. The court held defendant was under no duty to plaintiff as he was a trespasser. See also *Hafey* v. *Turners Falls Power & Elect. Co.*, 240 Mass. 155.

The declaration negatives ownership and tenancy in the defendant but it is not alleged that defendant had no right in the premises superior to that of the plaintiff. One of the grounds of negligence is that the fence enclosing the transformer was out of repair and that it was the duty of the defendant to keep the same in repair. If this was the duty of the defendant as alleged in the declaration, the defendant must have had the right to erect the fence and, as a consequence, the right of occupation of the land within the enclosure.

The allegations of the declaration are not sufficient to place the plaintiff in the status of an invited person. The fact that the defendant did not take active measures to prevent the use of the premises as a toilet cannot be taken as an invitation to use the same for that purpose. *Hafey* v. *Turners Falls Power & Light Co., supra.*

As the declaration fails to allege any breach of duty owed by defendant to the plaintiff, it is not sufficient to maintain an action of trespass on the case for negligence.

The plaintiff's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Everett D. Higgins, Clifford A. Kingsley*, for plaintiff.
*Clifford Whipple, Earl A. Sweeney*, for defendant.