PETRAK *v.* COOKE CONTRACTING COMPANY.

1. NEGLIGENCE—ATTRACTIVE NUISANCES.

   The attractive nuisance doctrine is conservatively applied in this State.

2. SAME—DUTY OF LICENSEE TO TRESPASSING CHILDREN.

   Licensee for use of lot for storage of road-making equipment owed no duty to trespassing children present on the lot except that it must not wantonly or intentionally injure them or expose them to injury.

3. SAME—ROAD-MAKING EQUIPMENT—STEEL BEAM—CHILDREN—TRESPASSERS—DIRECTED VERDICT.

   Defendant owner of road-making equipment was not, as a matter of law, liable for death of plaintiff's decedent, an 11-year-old boy, who trespassed upon uninclosed vacant lot where defendant's employees had recently placed a 24-foot steel beam, weighing between 1,500 and 2,000 pounds, diagonally on a trailer, where beam fell on decedent while he and another boy were playing with a barrel of tar, since such beam is not inherently dangerous even though lying in such a position and a reasonably prudent person would not anticipate that children in the vicinity would be likely to play with such a trailer; defendant not having been guilty of committing acts of negligence and the child properly having been found guilty, as a matter of law, of being a trespasser subject to the same rules of law, under the circumstances, as apply to adults.

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 5, 1951. (Docket No. 4, Calendar No. 44,798.) Decided March 1, 1951.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 38 Am Jur, Negligence, §§ 109, 118, 142 *et seq.*
[1–3] Right of one other than owner or lessee of premises to benefit of rule that restricts duty toward trespasser to abstention from wilful or wanton injury. 90 ALR 886.

Action by Joseph Petrak, administrator of the estate of Thomas Petrak, deceased, against Cooke Contracting Company, a Michigan corporation, for damages resulting from death of plaintiff's decedent. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Armstrong, Essery, Helm & Marshall* (*Donald W. Grant,* of counsel), for plaintiff.

*Butzel, Eaman, Long, Gust & Kennedy* (*Philip T. VanZile* and *Clifford W. Van Blarcom,* of counsel), for defendant.

BUSHNELL, J.   Joseph Petrak, administrator of the estate of Thomas Petrak, deceased, brought suit against Cooke Contracting Company, claiming that the death of his son, Thomas, was caused by the "wilful, malicious, intentional, wrongful, and negligent actions" of the Cooke company. For some months prior to the death of Thomas on October 29, 1946, defendant Cooke, with the permission of the owner, had been using a vacant lot in the city of Grosse Pointe for the storage of its road construction materials and equipment. These included hoppers for cement, sand and gravel, a crane, a subgrader, and a flat 4-wheel trailer. There were also a number of barrels of tar and large piles of sand and gravel stored on the premises.

On the morning of the day before the fatal accident, defendant's employees placed a 24-foot steel beam weighing between 1,500 and 2,000 pounds on the trailer. One end of this beam was placed at about the center of the rear of the trailer, and the other about 1½ feet from the front corner. At about 5:15 p.m. the following day, Thomas, then 11 years old, and a school companion, Paul Hoey, about the same age, went to the lot and played for a while in

the sand. They later became interested in a barrel of tar that was stuck to the ground near the trailer. The boys attempted to tip over this barrel. Thomas braced himself against the trailer and pushed the barrel with his feet. Paul testified that Thomas did not touch the beam, but that he may have "jiggled" the trailer. As he did so, the beam fell on him. Paul was so frightened that he ran away and said nothing about the accident until he was questioned the next day. The following morning Thomas' body was found pinned under the beam.

The lot was not inclosed, and there is testimony that it was a common occurrence for children to play on the premises. They had been warned not to do so and at various times were ejected.

The trial judge directed a verdict for the defendant. He held that "the iron beam was not an inherently dangerous item, and that the boy had no right to be where he was when he was killed." (See in this connection *Jaworski* v. *Detroit Edison Co.,* 210 Mich 317.) He stated that, in granting defendant's motion, he was following the rule in *LeDuc* v. *Detroit Edison Co.,* 254 Mich 86.

In the *LeDuc Case* the doctrine of "attractive nuisance" is discussed at length. Mr. Justice Fead, writing for the Court, pointed out the conflicting authorities on the subject and stated:

"However, the cases affirming liability recognized the trespass rule and the point of distinction is this: Where the child is where he has a right to be, as in the street or as a licensee on private premises, and his trespass is technical rather than wilful, *i.e.,* consists of playing with or taking the property of another as the spontaneous and natural act of an irresponsible child immediately attracted to the object, recovery is not barred by the trespass."

A judgment against a highway contractor for injuries sustained by a 9-year-old boy was upheld in

*Butrick* v. *Snyder,* 236 Mich 300. The contractor, who had been using dynamite to break up a large stone, had left some dynamite caps in a box on a shelf of a tool shed located on private premises near a school. School boys, with permission of their teacher, had been in the habit of playing on the land where the shed was located. The decision in this case is based on the inherently dangerous nature of the instrumentality which was the cause of the accident. *Powers* v. *Harlow,* 53 Mich 507 (51 Am Rep 154), was cited as decisive. *Ryan* v. *Towar,* 128 Mich 463 (55 LRA 310, 92 Am St Rep 481), was not discussed, but in the *LeDuc Case, supra,* the Court pointed out that the "attractive nuisance" doctrine has been conservatively applied. In that case it was held that a work cart containing a supply of gasoline which was left on the parkway between the sidewalk and the street did not constitute an "attractive nuisance." It was further held that the boys in opening the faucet of the work cart and taking the gasoline therefrom committed an actual and not a technical trespass. The Court stated:

"The faucet was not opened in the course of the investigation and experimentation of an irresponsible child but by an instrument, the intentional selection and use which demonstrated a considerable degree of mechanical skill and intelligence.

"The gasoline was not taken in the ordinary course of childish play about the machine but as the deliberate, understanding and conscious appropriation of the goods of another for a definite use elsewhere."

The steel beam which fell and caused the death of Thomas was not an inherently dangerous instrumentality, and is not within the rule applied in the *Butrick Case.* Thomas and his companion did not have permission to play on the storage lot. These

boys were neither invitees nor implied licensees (see *Anderson* v. *Newport Mining Co.,* 202 Mich 204) but were trespassers. To such persons defendant owes no duty except that it must not wantonly or intentionally injure them or expose them to injury. *Ryan* v. *Towar, supra.*

Defendant was lawfully in possession of the premises. Although neither owner nor lessee, it is entitled to assert in its defense the rule of nonliability to a trespasser for injuries not wilfully, wantonly or negligently inflicted after the trespasser's presence is known. 38 Am Jur, p 773. See, also, *McCaughna* v. *Owosso & Corunna Electric Co.,* 129 Mich 407 (95 Am St Rep 441); *Parshall* v. *Lapeer Gas-Electric Co.,* 228 Mich 80; and 90 ALR 886.

A reasonably prudent person would not anticipate that children in the vicinity would be likely to play with the trailer. A 24-foot steel beam thereon weighing 1,500 to 2,000 pounds was not inherently dangerous even though lying in a diagonal position. Defendant was not guilty of committing acts of negligence. The trial judge, in the light of the undisputed facts, did not err in holding, as a matter of law, that plaintiff's decedent was a trespasser, and that the same rules of law, under the circumstances of this case, apply to infant trespassers as well as to adults. *Ryan* v. *Towar, supra.*

The jury was properly directed to bring in a verdict for the defendant. *Graves* v. *Dachille,* 328 Mich 69.

The judgment entered upon that verdict is affirmed, with costs to appellee.

Reid, C. J., and Boyles, North, Dethmers, Butzel, and Carr, JJ., concurred.

Sharpe, J., concurred in the result.