553 A.2d 684

George O'Neill WAGNER, et al.

v.

William E. DOEHRING, Personal Representative of the
Estate of William E. Doehring, Jr., et al.

No. 63, Sept. Term, 1988.

Court of Appeals of Maryland.

Feb. 27, 1989.

Motion for Reconsideration Denied April 7, 1989.

Angus R. Everton (Charles N. Ketterman, Donahue, Ehrmantraut & Montedonico, Chartered, on brief), Baltimore, for petitioner.

Kevin J. McCarthy, Catherine Cronin, McCarthy, Bacon, Costello & Stephens, Landover, for amicus curiae Potomac Elec. Power Co.

Paul W. Davis, Baltimore, for amicus curiae Baltimore Gas & Elec. Co.

Louise A. Lock (Peter G. Angelos, Michael T. Ward, Law Offices of Peter G. Angelos, all on brief), Baltimore, for respondent.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, BLACKWELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge for the Court of Appeals of Maryland (retired), Specially Assigned.

ADKINS, Judge.

William E. Doehring, Jr., died as a result of injuries sustained when the motorcycle he was operating struck a chain which was placed across a right-of-way by the holder of the right-of-way. The issue this Court must determine is the duty of care owed by the holder of the easement, or right-of-way, to one who enters the easement without authority from either the easement holder or the grantor of the easement.

Petitioners, George O'Neill Wagner and Beverly L. Wagner, t/a Bowag Kennels, own a 1.6 acre parcel of land (dominant estate) which is wholly surrounded by land (servient estate) owned by Reuben Shiling and W. Dale Hess.[1] In August 1964, Shiling and Hess granted to the prior owners of the dominant estate a 50 foot wide right-of-way running 722.93 feet over the servient estate and connecting the dominant estate to Singer Road, a public road, thus providing a means of ingress and egress to the holders of the easement. Shiling and Hess reserved the right to use the right-of-way but have not used it nor granted others the right to do so.

---

1. Shiling and Hess hold title as agents for a joint venture. The joint venture intends to develop the servient estate as a residential development.

The intersection of the right-of-way with Singer Road is forked, with a small triangular patch of land between the two prongs. On this patch there is a sign advertising the kennel, a mailbox and a newspaper box. Singer Road is a rural, unlighted, two-lane road running through a wooded area. Like the right-of-way, it has what appears to be a macadam surface.

The Wagners operated a kennel which catered to show dogs. Unauthorized motorcyclists drove upon the right-of-way in order to get to a dirt pathway on the servient estate. The cyclists drove at high speeds, scaring the Wagners' grandchildren and the dogs, and on occasion had parties alongside the road. In September 1982, in order to impede entry upon the right-of-way, the Wagners stretched a chain between two poles, at the top of the fork of the right-of-way. The parties dispute whether the chain was marked with reflectors or warning signs.

Just before midnight on 2 October 1982, William E. Doehring, Jr., and his friend and passenger Kelvin Henderson turned off of Singer Road and onto the right-of-way; the motorcycle they were riding was not equipped with a headlight and the riders were not wearing helmets. Doehring and Henderson had not been granted permission to use the right-of-way by Shiling, Hess, or the Wagners. The motorcycle struck the chain, and the riders were thrown off. Doehring died several hours later at the hospital.

Respondents, William E. Doehring, father of the decedent, as personal representative of the estate, and Elizabeth M. Doehring, the decedent's mother (the Doehrings), filed wrongful death and survival actions against the Wagners in the Circuit Court for Harford County. The trial court (Whitfill, J.) granted the Wagners' motion for summary judgment. Judge Whitfill held that Doehring was a trespasser as to the Wagners and that they owed him "no duty of care except to refrain from willfully or wantonly injuring

or entrapping him." The Court of Special Appeals reversed and remanded for trial. *Doehring v. Wagner*, 75 Md.App. 67, 540 A.2d 499 (1988).[2]

The intermediate appellate court, relying on principles of property law, determined that the Wagners' easement was " 'a nonpossessory interest in the real property of another,' " and that the use of the right-of-way was not exclusive. 75 Md.App. at 72, 74, 540 A.2d at 501, 502 (quoting *Boucher v. Boyer*, 301 Md. 679, 688, 484 A.2d 630, 635 (1984)). Concluding that the Wagners were not possessors of land, the court held they did not

> enjoy the limited liability afforded a landowner. Instead of measuring [the Wagners'] conduct by the willful and wanton standard applicable to a trespasser/possessor relationship, the trial court must examine whether they used reasonable care....

*Id.* [75 Md.App.] at 74–75, 540 A.2d at 502. This court granted the Wagners' petition for writ of certiorari in order to determine, under the circumstances of this case, the duty owed to a trespasser by the holder of an easement for ingress and egress.

A brief review of applicable law provides the context within which we answer the question before us. In Maryland, the liability of an owner of real property is dependent upon the standard of care owed an individual. The standard of care, in turn, depends upon the individual's status while on the real property. *Rowley v. City of Baltimore*, 305 Md. 456, 464, 505 A.2d 494, 498 (1986); *Sherman v. Suburban Trust Co.*, 282 Md. 238, 241–242, 384 A.2d 76, 79 (1978); *Bramble v. Thompson*, 264 Md. 518, 521, 287 A.2d 265, 267 (1972). The status may be that of invitee, licensee

---

**2.** The Doehrings' initial order for appeal was dismissed by the Court of Special Appeals on the ground that a final judgment had not been entered. This Court reversed and remanded the case to the Court of Special Appeals for a determination on the merits. *Doehring v. Wagner*, 311 Md. 272, 533 A.2d 1300 (1987).

by invitation, bare licensee, or trespasser.[3]

A landowner must use reasonable and ordinary care to keep the premises safe for an invitee, defined as one permitted to remain on the premises for purposes related to the owner's business. *Bramble*, 264 Md. at 521, 287 A.2d at 267. A licensee by invitation is a social guest and is owed a duty of reasonable care and must be warned of known dangerous conditions that cannot reasonably be discovered. *Id.* at 521–522, 287 A.2d at 267. A bare licensee is one who enters upon property, not as a social guest, but for his or her own convenience or purpose and with the landowner's consent. *Mech v. Hearst Corp.*, 64 Md.App. 422, 426, 496 A.2d 1099, 1101 (1985), *cert. denied*, 305 Md. 175, 501 A.2d 1323 (1986). No duty is owed to a bare licensee except that he or she may not be wantonly or willfully injured or entrapped, nor may the occupier of land "create new and undisclosed sources of danger without warning the licensee." *Sherman*, 282 Md. at 242, 384 A.2d at 79. Under some circumstances, the landowner may be liable to a bare licensee for a dangerous condition known to the landowner. *See* W. Prosser, *The Law of Torts* § 60, at 417–418 (W. Keeton 5th ed. 1984).

Finally, a trespasser is one who intentionally and without consent or privilege enters another's property. *Id.* [264 Md.] at 522, 287 A.2d at 267. No duty is owed, except to refrain from willfully or wantonly injuring or entrapping the trespasser. *Id.* This rule of limited liability to trespassers permits "a person to use his own land in his own

---

3. The contemporary usefulness of defining the standard of care in terms of these categories is questionable. *See Sherman v. Suburban Trust Co.*, 282 Md. 238, 246–249, 384 A.2d 76, 81–83 (1978); *Woodward v. Newstein*, 37 Md.App. 285, 300–302, 377 A.2d 535, 544–545 (1977). But as to trespassers, we have made it clear that any change in the law is for the legislature, *e.g., Murphy v. Baltimore Gas & Elec.*, 290 Md. 186, 195, 428 A.2d 459, 465 (1981), although we have left the door ajar as to licensees. *Id.* at 191, 428 A.2d at 463. But this case, as it is now before us, does not involve a licensee issue. *See* n. 4, *infra.* And in any event, the Doehrings do not argue for any change in the law with respect to status and correlative duties.

way, without the burden of watching for and protecting those who come there without permission or right." W. Prosser, *supra*, § 58, at 395 [footnote omitted].

In this case, Doehring and Henderson, while on their motorcycle, intentionally entered upon the right-of-way. Clearly, as to the landowners, Shiling and Hess, they were trespassers—they had no consent or privilege to enter upon the land. Further, no consent was given by the Wagners, the holders of the right-of-way.[4]

The Doehrings assert, however, and the Court of Special Appeals agreed, that the holder of a right-of-way is not entitled to the limited liability afforded a landowner. We disagree. Our decision rests upon the distinction between property and tort concepts of possession.

For purposes of property law, an easement is defined as an interest in land in the possession of another which

(a) entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists;

(b) entitles him to protection as against third persons from interference in such use or enjoyment;

(c) is not subject to the will of the possessor of the land;

(d) is not a normal incident of the possession of any land possessed by the owner of the interest, and

(e) is capable of creation by conveyance.

Restatement of Property § 450 (1944). It is "a nonpossessory interest in the real property of another...." *Boucher v. Boyer*, 301 Md. at 688, 484 A.2d at 635. *See also* Restatement of Property § 450, comment b.

---

**4.** Doehring argues that his status is that of a bare licensee because the Wagners purportedly acquiesced in the use of the right-of-way by the motorcyclists. Only the duty owed a trespasser, under the circumstances of this case, was raised as the issue presented in the petition for writ of certiorari; thus, we do not address the duty owed a bare licensee, or whether the motorcyclists occupied that status. *See* Md. Rule 8–131(b)(1).

The nonpossessory character of an easement distinguishes the interest from possessory interests such as that held by the owner of the absolute fee. The easement holder has "no right to the land itself ..., to the soil of the land or to any corporeal interest in it...." 2 G. Thompson, *Real Property* § 315, at 6 (1980 Repl.Vol.). The easement holder cannot use the land for any purpose other than that contemplated by the grant. *Id.* at 7. Moreover, the holder of a right-of-way does not ordinarily have exclusive use of the way; thus, the landowner, his invitees, or other easement holders may use the right-of-way. *See id.* § 426, at 654–655; 25 Am.Jur.2d *Easements and Licenses* § 77, at 483 (1966).

The grant of a right-of-way does, however, entitle the holder to use the premises at reasonable times and to maintain, improve, or repair the way to serve its purpose. *Tong v. Feldman,* 152 Md. 398, 402–403, 136 A. 822, 823–824 (1927); *Fedder v. Component Struct. Corp.,* 23 Md. App. 375, 381, 329 A.2d 56, 60 (1974); 2 G. Thompson, *supra,* § 315, at 6–7. And, as contemplated by § 450(b) of the Restatement of Property, the holder of the way is entitled "to protection as against third persons from interference...." As we shall explain, we believe this protection includes the limited liability afforded a landowner against a trespasser, *i.e.,* that no liability should attach to the easement holder unless he wantonly or willfully injures or entraps the trespasser.

In tort law, a possessor of land is defined in an altogether different manner than in property law. The property definition defines the "property" rights an easement holder has in the land as against the landowner and others. It is from the tort definition of "possessor" that the duty of an easement holder to a trespasser is derived. Section 328E of the Restatement (Second) of Torts (1965) defines a possessor of land as

(a) a person who is in occupation of the land with intent to control it or

(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

By exercising control over and using the right-of-way, the easement holder is in occupation of the land—thus, in possession of that land. *See Leichter v. Eastern Realty Co.*, 358 Pa.Super. 189, 195–198, 516 A.2d 1247, 1250–1252 (1986) (Kelly, J., concurring), *appeal denied*, 515 Pa. 581, 527 A.2d 542 (1987) (one holding an easement, a nonpossessory interest, may be liable as a possessor of land under § 328E depending upon amount of control exercised over the land). *See also* Black's Law Dictionary 1973 (5th ed. 1979) (defining occupation). As a possessor of land, the easement holder is afforded limited liability against a trespasser. *See, e.g., Petrak v. Cooke Contracting Co.*, 329 Mich. 564, 46 N.W.2d 574 (1951); *McLaughlin v. Bardsen*, 50 Mont. 177, 145 P. 954 (1915); *Soles v. Ohio Edison Co.*, 144 Ohio St. 373, 59 N.E.2d 138 (1945); *Cooper v. City of Reading*, 392 Pa. 452, 140 A.2d 792 (1958); *Leichter v. Eastern Realty Co., supra; Roe v. Narragansett Elec. Co.*, 53 R.I. 342, 166 A. 695 (1933); *see also* 65 C.J.S. *Negligence* § 63(21), at 676 (1966) ("the rule of nonliability may be successfully invoked by one who, although not the owner of the property on which the injury occurred, had rights superior to those of the trespasser who was injured") [footnote omitted].

For example, in *McLaughlin v. Bardsen, supra*, the defendants had a contract to excavate a trench in which to lay a public sewer. The defendants had secured an easement for the sewer. The plaintiff brought suit because she was severely injured when she fell into the unguarded trench while trespassing over the easement. The Supreme Court of Montana recognized that the duty imposed upon a landowner is to "refrain from any intentional or wanton acts occasioning injury to a trespasser upon his property."

50 Mont. at 189, 145 P. at 956. The defendant, while not a landowner, was "in possession of the land at the place of injury and had an easement in the property." *Id.* Thus, the court held, the defendant was to be treated as a landowner. *Id.*

In *Leichter v. Eastern Realty Co., supra,* the defendant, a retail store, was a tenant of a shopping center. The store had an easement for ingress and egress over the parking lot, which permitted the business invitees of the store to park in the lot. The plaintiff brought suit alleging that the failure of the defendant to maintain the overhead lighting in the lot caused the plaintiff's decedent to be abducted, resulting in a fatal heart attack.

The issue before the Superior Court of Pennsylvania was whether the store owed any duty to the plaintiff as a possessor of land. The determinative factor in this decision was the degree of control exercised by the store over the parking lot. 358 Pa.Super. at 193–194, 516 A.2d at 1250. The court held that whether the store exercised sufficient control to be held liable in this case was for a jury to determine. *Id. See also Cooper v. City of Reading,* 392 Pa. at 461–462, 140 A.2d at 796–797 (defendant exercised sufficient control over easement to be subject to liability as a possessor of land).

The "control" test has been similarly applied by courts when a trespasser seeks to hold a licensee of the landowner liable for negligence. In *Roe v. Narragansett Elec. Co., supra,* the defendants maintained an electrical transformer on the premises of the landowner. The transformer was enclosed within a fence erected by the defendant, but the fence was partially destroyed by a fire. The plaintiff, injured by contact with the transformer, sought to hold the defendant liable for negligence, and like the plaintiff before us now, argued that "even though he was a trespasser as to the owner or tenant, he is entitled to recover because defendant is not an owner or tenant of the premises...." 53 R.I. at 344, 166 A. at 695.

The Supreme Court of Rhode Island disagreed with the plaintiff's rationale. It held that

> [t]he immunity from liability *for negligence* with respect to a trespasser ... is not confined to the owner of the land or his tenant; it extends to one who has the right, whatever the nature of the tenure, to exclude trespassers from the premises where an accident occurred.

*Id.* at 344, 166 A. at 696 [emphasis supplied]. *See also Petrak v. Cooke Contracting Co.*, 329 Mich. at 568, 46 N.W.2d at 576 (defendant, a licensee of the landowner, "is entitled to assert in its defense the rule of non-liability to a trespasser for injuries not wilfully, wantonly or negligently inflicted ..."); *Soles v. Ohio Edison Co.*, 144 Ohio St. at 380, 59 N.E.2d at 141 (licensee of landowner is an occupier of land and "stands in the same situation as the landowner with reference to a trespasser ...").

■ We agree with the principle enunciated in these decisions and hold that the holder of an easement for ingress and egress is afforded the same protection to which a landowner is entitled with respect to a trespasser, when the easement holder exercises a degree of control over the land which permits the holder to exclude trespassers from the easement. This is consistent with the rationale that a possessor of land should be free to use his land without the burden of watching for and protecting it against trespassers. *See* W. Prosser, *supra*, § 58; *see also* 5 F. Harper, F. James & O. Gray, *The Law of Torts* § 27.2, at 136 (2d ed. 1986) (if the source of a landowner's immunity is that he is not charged with knowledge of a trespasser's presence, then the same immunity should be applied to the holder of an easement).

■ In this case, the Wagners' right-of-way was, for practical purposes, exclusive as to Doehring. The facts reveal that the right-of-way provided a means of ingress and egress for the Wagners' landlocked parcel. The servient estate, an undeveloped parcel, was uninhabited. The owners of the servient estate did not use the easement nor

had they granted others the right to do so. Under these facts, the Wagners' attempt to exclude trespassers from the right-of-way was entirely within their power. The trial court was correct in holding that they must only refrain from willfully or wantonly injuring or entrapping trespassers.[5]

Because of the way it decided the case, the Court of Special Appeals did not address the issue of whether the trial court was correct in holding that as a matter of law the Wagners' conduct was not wanton or willful although that issue had been raised before it. We remand to that court for it to determine that issue, and any other issue properly before the Court of Special Appeals.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND HERETOFORE INCURRED IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENTS.

---

5. Of course, the duty of the easement holder would be different if the injured party was one that the easement holder could not rightfully exclude from the premises, such as an invitee of the servient estate holder or another easement holder.