2 F.3d 1149
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patricia Parker HAILMAN, Plaintiff-Appellant,
v.
M.J.J. PRODUCTION, Incorporated; Centre Group Limited
Partnership, t/a Capital Centre, Incorporated, formerly
known as Washington National Arena Limited Partnership;
Contemporary Services Corporation; TTC Touring,
Incorporated, Defendants-Appellees.
 No. 92-1773.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 1, 1993.
Decided: August 5, 1993.
 
 1
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-91-192-B)
 
 
 2
 Argued: Robert L. Bell, Washington, D.C., for Appellant.
 
 
 3
 Francis Burns Buckley, Rollins, Smalkin, Richards & Mackie, Baltimore, Maryland, for Appellees.
 
 
 4
 On Brief: William B. Bergen, Jr., Law Offices of Bergen & Tripoda, Timonium, Maryland, for Appellees.
 
 
 5
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 HILTON, District Judge:
 
 6
 Appellant Patricia Parker Hailman is a 42-year-old New York resident whose wrist was injured in the concourse of the Capital Centre in Landover, Maryland during a Michael Jackson concert on October 17, 1988 when a woman bumped into her and knocked her down. The incident occurred as the woman was arguing with her male companion. Hailman stated in her deposition that while she was waiting outside a restroom for a friend, she heard the voices of the man and woman arguing. After a period of time, the length of which Hailman cannot recall, she was bumped down. She then went to the first aid station where she was advised to get an x-ray after the concert. The next day, Hailman was diagnosed as having a "Smith fracture" of her right wrist at Flushing Hospital in New York. Hailman alleges medical expenses of $6,500 from her injuries and a 21% permanent partial disability to her upper right extremity.
 
 
 7
 Hailman sued appellees for allegedly failing to provide adequate crowd control at the Capital Centre for the concert. 18,000 people attended the concert that evening. Appellee Contemporary Services Corporation ("CSC") had an agreement with Centre Group Limited Partnership to provide security at the Capital Centre on October 17, 1988. Pursuant to that agreement, CSC provided 109 security guards, who were posted at the entrance to search patrons as they entered the building, in the aisles of the seating area of the arena itself, and at fire exits. No security guards were posted in the concourse prior to the start of the concert. In addition to the 109 security guards, the Centre Group Limited Partnership employed 116 persons as ushers, ticket takers and other personnel who were instructed in dealing with security matters. A police command post was located just outside the building.
 
 
 8
 Appellee M.J.J. Production, Inc. produces and promotes musical concerts for entertainer Michael Jackson. Appellee T.T.C. Touring, Inc. was the owner, operator, licensee, and promoter of the October 17, 1988 Michael Jackson concert.
 
 
 9
 The District Court granted defendants' motion for summary judgment on the grounds that Hailman failed to raise a genuine issue of material fact regarding the defendants' alleged breach of duty. The court then denied the plaintiff's motion for reconsideration.
 
 
 10
 Grants of summary judgment motions are warranted if the pleadings, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party will prevail as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 11
 The tort liability of a Maryland landowner is based on the degree of care owed to the plaintiff. The appropriate degree of care will vary with the status of the plaintiff while on the landowner's property. Wagner v. Doehring, 315 Md. 97, 553 A.2d 684 (1989). One who is on the property with the permission of the landowner in furtherance of the landowner's business is an invitee. Sherman v. Suburban Trust Company, 282 Md. 238, 384 A.2d 76 (1978).
 
 
 12
 A landowner owes a duty to exercise "reasonable and ordinary care to keep the premises safe for the invitee and to protect him from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover." McGarr v. Baltimore Area Council, Boy Scouts, Inc., 74 Md. App. 127, 137, 536 A.2d 728, cert. denied, 313 Md. 7, 542 A.2d 844 (1988). The landowner must protect invitees against "dangers of which the landowner is aware or which, with reasonable care, he could have discovered." Pahanish v. Western Trails, Inc., 69 Md. App. 342, 355, 517 A.2d 1122 (1986). However, the landowner is not the insurer of the safety of business invitees. Tucker v. KFC National Management Company, 689 F. Supp. 560, 562 (D. Md. 1988), aff'd, 872 F.2d 419 (4th Cir. 1989).
 
 
 13
 The duty to protect invitees against the conduct of third parties is the same as the general duty of care imposed upon the landowner. Tucker, 689 F. Supp. at 562. A higher standard of care only arises in cases where there is a special relationship between the landowner and the invitee, such as in the case of a common carrier. No such special relationship exists under the facts of this case. Id.
 
 
 14
 The defendants took reasonable precautions to provide for a safe environment for the concert. There were 109 security guards on the premises during the concert and 116 other employees who had been instructed in handling security matters. Even if security guards had been posted on the concourse, this incident's outcome would not have been different. Hailman stated in her deposition that she did not actually see the couple arguing, but that she heard their voices. Despite being aware of their voices, Hailman commented,"It wasn't loud enough to say, oh, these people are going to start a fight, and I should move away."
 
 
 15
 There is no evidence from which a jury could find that the circumstances of the case presented an unreasonable risk which appellant would discover by exercising ordinary care for her own safety. There is no evidence on the record from which a jury could reasonably find that appellees should have foreseen the danger which appellant herself did not foresee. Thus, no genuine issue of material fact existed regarding a breach of duty by appellees CSC and Centre Group Limited Partnership. Hailman also failed to establish that M.J.J. Production, Inc. and T.T.C. Touring, Inc. owed her any duty at all. Even if M.J.J. Production and T.T.C. Touring owed Hailman any duty, it would be no greater than that imposed upon CSC or Centre Group Limited Partnership.
 
 
 16
 Relying upon New York precedent, Hailman argues that there was a dispute of material fact over whether Appellee's lack of crowd control personnel in the Capital Centre's concourse area proximately caused her injuries. Cf. Rotz v. City of New York, 532 N.Y.S.2d 245, 143 A.D.2d 301 (1988) (holding that defendant could be held liable for the trampling of plaintiff by stampeding and shouting crowd following concert in Central Park in which audience was"jammed like sardines" because intervening act between defendant's conduct and the plaintiff's injury was foreseeable consequence of defendant's alleged failure to adequately control crowd). Regardless of whether Rotz 's holding is applicable in Maryland, there is no issue of "crowd control" in this case. Although there were 18,000 persons in the vicinity of the incident in question, there is no evidence that anyone other than three persons-Hailman and the feuding couple-had anything to do with the events causing appellant's injury.
 
 
 17
 For the foregoing reasons, the District Court's grant of summary judgment in favor of appellees is hereby
 
 
 18
 AFFIRMED.